### Betsey Littlefield *versus* Ira Crocker.

Land was held under a foreclosed mortgage, made by a husband, in which the wife made no release of dower.

In a suit by her for dower, against the assignee of the mortgagee, she is not barred by having, for the purpose of releasing dower, joined with her husband in his conveyance of the equity of redemption to a third person.

This is an action of dower.

The plaintiff was legally married, more than twenty years ago, to Aurin Z. Littlefield, who died in 1846. Said Aurin on the 7th day of November, 1837, was seized of the land, and on that day conveyed the same in mortgage to the Merchant's Bank, to secure the sum of $844,64, payable in eight months. The plaintiff did not release her right to dower in this mortgage deed.

The said Aurin, Aug. 3, 1839, by deed of warranty, subject to the aforesaid mortgage, conveyed his remaining interest in said estate to Jediah Morrill, in which deed the plaintiff joined, and duly released to said Morrill her right to dower.

The bank after the breach of the condition of the mortgage, instituted proceedings for foreclosure, and said mortgage was foreclosed.

After said foreclosure the bank assigned the said mortgage to George W. Stanley, Sept. 12, 1843, who, May 9, 1844, assigned the same to the defendant. That assignment is the title by which the defendant holds the estate. Morrill did not redeem, and derived no benefit from his deed.

*Leavitt*, for plaintiff.

*Bronson*, for defendant.

The plaintiff is barred by her release to Morrill. *King* v. *Barns*, 13 Pick. 24, 28; Smith's Leading Cases, 152.

The time of foreclosure had not expired, when the mortgage was assigned. What interest has the plaintiff by which she can obtain dower? A party can recover only upon his own title. Suppose this defendant had conveyed to Morrill, this action could not be maintained.

SHEPLEY, C. J. orally. — The defendant's title is only under the mortgage deed given to the bank, in which the demandant did not join.

Afterwards, her husband conveyed the equity to another person, and in this conveyance she released her right of dower. But to this conveyance the tenant is not a party or privy. Estoppels are mutual. In this case it would not be so. The defence fails. *Judgment for demandant.*