Wyman *v.* Fox.

————◆————

WILLIAM WYMAN, in equity, *vs.* HENRY L. Fox and another.

*Execution — Levy of, on real estate fraudulently conveyed — title completed by bill in equity.   Widow's rights as dowress — not affected by her being party to fraudulent conveyance.*

If the administrator of an estate, decreed insolvent, assume the defense of an action pending against his intestate, and neglect to suggest the insolvency upon the record, the execution, regularly issued upon the judgment recovered against the administrator, may be levied on the real estate of the intestate fraudulently conveyed by him.[*]

If a person, having the legal title to real estate, incur a debt, and subsequently convey his estate, in fraud of his creditor, to his wife, who makes a similar conveyance thereof to her brother in  trust for herself, the creditor thus defrauded may extend his execution issued upon the judgment recovered upon his debt upon the land thus fraudulently conveyed, and perfect his title by a bill in equity against the wife and her grantee.

And where the judgment is recovered subsequent to the decease of the debtor, the rights of his widow as dowress, though she be a party to the fraudulent conveyance, will not be affected thereby.

[*] See R. S. of 1871, c. 81, § 65.

BILL IN EQUITY heard on bill, answer, and proofs.

The bill alleges, substantially, that on May 13, 1856, the plaintiff was creditor of one Amos Wyman, deceased, whose estate was rendered insolvent; that he recovered judgment and execution against the estate of the deceased at the March term, 1865; that he duly levied his execution on two parcels of land described on May 25, 1865; that on May 13, 1856, said Amos owned said pieces of land and conveyed the same to his wife (one of the defendants) without any consideration, and with intent to defraud his creditors, of which she was connusant; that on June 15, 1858, the said Amos and his wife joined in a conveyance of the said land to the other defendant, brother of the first defendant, without any consideration, and with intent on the part of all parties to defraud Amos's creditors, etc., and praying for answer and a decree of release by the defendants to the plaintiff.

The facts are sufficiently stated in the opinion.

*J. Baker*, for the plaintiff.

*Stinchfield*, for the defendants.

APPLETON, C. J. The plaintiff being a creditor of Amos Wyman by virtue of a bond bearing date 22nd July, 1840, commenced a suit thereon July 18, 1860. While this suit was pending, Amos Wyman deceased, and an administrator was appointed, by whom the estate was rendered insolvent. The administrator assumed the defense of the suit, but neglected to suggest the insolvency on record and to pray a stay of execution. The plaintiff obtained judgment, and execution issued thereon, which was satisfied by a levy upon real estate, the title to which was once in Amos Wyman, and which, as the plaintiff alleges, he fraudulently conveyed to his wife who conveyed the same to her brother, the other defendant, Henry L. Fox, in whom the title as of record now remains, to hold in trust for herself.

It was held in *Sturgis* v. *Reed*, 2 Greenl. 109, that if an administrator of an estate represented insolvent, assume the defense of

an action against his intestate, and neglect to suggest the insolvency on record, and pray a stay of execution, so that execution is issued, the same cannot be set aside and an extent in due form on the real estate of his intestate is valid. This decision was reaffirmed in *Frost* v. *Illsley*, 54 Maine, 348; and in *Wyman* v. *Fox*, 55 Maine, 523.

The plaintiff having made a levy, to which no exceptions are taken, upon lands once belonging to Amos Wyman, has brought this bill to compel the defendants to release to him their title, which he claims to be in fraud of the creditors of said Wyman. As the debtor had the legal title to the land levied upon when the debt was contracted, upon which judgment was rendered, execution issued and the levy made, if the conveyance from the debtor to his wife and from her to the other defendant was in fraud of the creditors of the grantee, a creditor thus defrauded may levy his execution on the land fraudulently conveyed, and then proceed to perfect his title by bill in equity. *Webster* v. *Clarke*, 25 Maine, 313; *Webster* v. *Withey*, 25 Maine, 327; *Corey* v. *Greene*, 51 Maine, 114.

It is in proof, that, on 13th May, 1856, Amos Wyman conveyed the premises levied upon to his wife, Charlotte H. Wyman, and that they by their joint deed of warranty, on 26th June, 1858, conveyed the same to the defendant Fox, a brother of Mrs. Wyman.

The plaintiff, at the time of these conveyances, was a creditor of Amos Wyman. The evidence fails to show any valid consideration for the conveyance from him to his wife. It is in proof, from the repeated declarations of the grantor and grantee, that this conveyance was to hinder, delay, and defraud the creditors of the grantor, and that to accomplish this was alike the purpose of the grantor and the grantee. That such was the object is further shown by their conveyance to the defendant Fox, a resident of Massachusetts, who paid nothing for the conveyance, and never occupied, managed, or controlled the estate, but permitted his grantors to occupy the same without rent during their joint lives, and since the de-

cease of Amos Wyman has permitted his sister to continue the same occupation to the present time.   This conveyance, too, was fraudulent.

The decree, therefore, must be, that the defendants release their interest in the land levied upon, except the dower of Mrs. Wyman, her rights as dowress not being affected.   The plaintiff cannot take advantage of her conveyance to Fox, nor is she estopped thereby as against him.   *Robinson* v. *Bates*, 3 Met. 40.

> *Bill is sustained.   The defendants are to release to the plaintiff all their interest in the premises described in the plaintiff's bill, except the dower to which Mrs. Wyman is entitled, and the plaintiff to recover costs, and a decree to be entered accordingly.*

KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.