JOHN HINCHLIFFE, Respondent, *v.* MARGARET SHEA, Appellant.

The joinder of a wife with her husband in a deed or mortgage of his lands does not operate by way of passing an estate, but inures simply as a release of her future contingent right of dower in aid of the title or lien so created ; and so long as there remains a subsisting title or interest under the deed or mortgage as against it, she is concluded from claiming dower.

Where, however, the deed or mortgage is defeated by a sale on execution under a prior judgment, the wife is restored to her original position and may, after her husband's death, recover dower in the lands.

*It seems* that if in such case, on the execution sale, there had been a surplus applicable to a mortgage so executed, the widow could not be endowed therein except after satisfaction of the mortgage.

*Hinchliffe* v. *Shea* (34 Hun, 365), reversed.

(Argued June 9, 1886 ; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 9, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.   (Reported below, 34 Hun, 365.)

This action was brought to foreclose a mortgage executed March 25, 1878, by Martin Shea and his wife, the defendant, Margaret Shea, upon lands of the husband.

In 1880 the premises were sold under an execution issued upon a judgment recovered in 1874 against said Martin Shea, and, not having been redeemed, were conveyed by the sheriff to the purchaser. Martin Shea died April 8, 1882, and shortly thereafter the purchaser conveyed the premises to his widow.

The trial court held that the dower interest of Margaret Shea was subject to the mortgage, and the judgment directed a sale thereof.

*William N. Dykman* for appellant. A wife's signature to a deed or mortgage of her husband's land acts only as a bar or estoppel; it is void unless made in conjunction with a conveyance of the husband's title, and if the conveyance it is joined with ceases for any reason to act, the dower right is released. Only he can benefit by a wife's release of dower who acquires the very title which was created by the conveyance with which the release is joined. (*Jackson* v *Vanderheyden,* 17 Johns. 169; *Maloney* v. *Horan,* 49 N Y 111; 1 Wash. on Real Prop. 284; *Hawley* v. *Bradford,* 9 Paige's Ch. 200; *Green* v. *Putnam,* 1 Barb. 500; *Merch. Bk.* v *Thompson,* 55 N. Y. 7, 12; *Marvin* v. *Smith,* 46 id. 571.) When the husband is dead the widow's dower right is property and liable for her debts. (*Tompkins* v. *Fonda,* 4 Paige, 448; *Paige* v. *Becker,* 87 N. Y. 153.)

*James M. Baldwin* for respondent. By joining with her husband in the mortgage, Margaret Shea released and relinquished to the plaintiff mortgagee and his assignors all her dower interest or future contingent right in the mortgaged property, and having outlived her husband and the debt being unpaid and the mortgage being valid, the mortgagee is entitled to the judgment of foreclosure and sale here appealed from. (2 Scribner on Dower, chap. 12, § 49; *Hawley* v. *Bradford,* 9 Paige, 201; *Learned* v. *Cutler,* 18 Pick. 9; *Smith* v. *Handy,*

16 Ohio, 191.) Her dower interest is liable for her husband's debt, the same being secured by his and her mortgage. (*Leavenworth* v. *Cooney*, 48 Barb. 570.) The plaintiff has the right, though the dower has not been formally admeasured, to have judgment of foreclosure and sale thereof. (*Tompkins* v. *Fonda*, 4 Paige, 448; *Payne* v. *Becker*, 87 N. Y. 153; *Pope* v. *Mead*, 99 id. 201.)

ANDREWS, J. The joinder by a married woman with her husband in a deed or mortgage of his lands, does not operate as to her by way of passing an estate, but inures simply as a release to the grantee of the husband, of her future contingent right of dower in the granted or mortgaged premises, in aid of the title or interest conveyed by his deed or mortgage. Her release attends the title derived from the husband, and concludes her from afterward claiming dower in the premises as against the grantee or mortgagee, so long as there remains a subsisting title or interest, created by his conveyance. But it is the generally recognized doctrine that when the husband's deed is avoided, or ceases to operate, as when it is set aside at the instance of creditors, or is defeated by a sale on execution under a prior judgment, the wife is restored to her original situation, and may, after the death of her husband, recover dower as though she had never joined in the conveyance. (*Robinson* v. *Bates*, 3 Metc. 40; *Malloney* v. *Horan*, 49 N. Y. 111; *Kitzmiller* v. *Van-Rensselaer*, 10 Ohio St. 63; *Littlefield* v. *Crocker*, 30 Me. 192.)

In short the law regards the act of the wife in joining in the deed or mortgage, not as an alienation of an estate, but as a renunciation of her inchoate right of dower in favor of the grantee or mortgagee of her husband, so far as respects the title or interest created by his conveyance. It follows therefore that her act in joining in the conveyance, becomes a nullity whenever the title or interest to which the renunciation is incident, is itself defeated. (Scribner on Dower, chap. 12, § 49.) The wife's deed or mortgage of her husband's lands, cannot stand independently of the deed of her husband when not executed in aid thereof, nor can she by joining with her husband in a deed

of lands to a stranger, in which she has a contingent right of dower, but in which the husband has no present interest, bar her contingent right. (*Marvin* v. *Smith*, 46 N. Y. 571.) These principles are we think decisive of this case. The plaintiff's mortgage has been defeated by the paramount title, derived under the execution sale. It was the husband's mortgage, and not the mortgage of the wife, except for the limited and special purpose indicated. The lien of the mortgage, as a charge on the lands of the husband, has by the execution sale, been subverted and destroyed. Nor can the security be converted into a mortgage of the widow's dower, now consummate by the death of her husband. This would be a perversion of its original purpose. Her act in signing the mortgage, became a nullity on the extinguishment of the lien on the husband's lands. If on the execution sale there had been a surplus applicable to the mortgage, it might very well be held that the widow could not be endowed therein, except after the mortgage had been satisfied. The surplus would represent in part the mortgaged premises. (See *Elmendorf* v. *Lockwood*, 57 N. Y. 322.)

We think the authorities require a reversal of the judgment.

Judgment reversed and complaint dismissed, with costs.

All concur.

Judgment accordingly.