BOHANNON v. COMBS *et al.*, *Appellants.*

1. **Practice:** DECREE: FRAUDULENT CONVEYANCE. Where there is abundant evidence to sustain a decree setting aside as fraudulent a judgment and certain deeds, it will be sustained, although there is evidence of a contrary effect.

2. **Fraudulent Conveyance by Husband, Joined in by Wife:** REVIVAL OF DOWER RIGHT. When a conveyance of the husband, in which the wife joins, is set aside as being fraudulent as to creditors, it will result in reviving the wife's right of dower; for as the deed of the husband, being void, leaves no estate in the grantee upon which the relinquishment of dower can operate, the wife will be restored to her former rights.

3. ———— : ————. In such case, it makes no difference that the wife contracted with the husband to relinquish her dower in the lands granted, in consideration of receiving whatever residue of the lands there might be, after the satisfaction of the debts mentioned in the deed.

*Appeal from Pettis Circuit Court.*—HON.   J.   P. STROTHER, Judge.

AFFIRMED.

*Draffen & Williams* and *W. S. Shirk* for appellants.

The conveyances under which defendants claim are not fraudulent. Mrs. Combs' title is founded upon a valuable and most meritorious consideration—one which strongly appeals to a court of equity. She had an inchoate right of dower in the 1,840 acres. She surrendered this to her husband's creditors, and received the lands conveyed to her as a fair equivalent. This was a valuable consideration. *Hood v. Sowell,* 11 Ala. 386 ; *Bailey v. Letten,* 52 Ala. 282 ; *Singree v. Welch,* 32 Ohio St. 320 ; *Brown v. Rawlings,* 72 Ind. 505 ; *Farwell v. Johnson,* 34 Mich. 342 ; Bishop on Married

Women, secs. 722 and 758 ; *Keele v. Larkin*, 3 Southern Rep. [Ala.] 296 ; *German, etc. Sem. v. Seanger*, 33 N. W. Rep. [Mich.] 301.

*Geo. P. B. Jackson* for respondents.

The judgment of this court in this case when it was here before is conclusive that the pretended conveyance to Mrs. Combs was fraudulent and without any consideration ; that the judgment under which Bohannon purchased the land in suit had not been paid at the time of the sale ; and that Bohannon was not estopped to attack the deed to Mrs. Combs. *Bohannon v. Combs*, 79 Mo. 305 ; *Chouteau v. Gibson*, 76 Mo. 38, 51. Upon these questions the evidence on the second trial was identical with that reviewed by this court on the former appeal.

SHERWOOD, J.—This is an equitable proceeding whereby it is sought to set aside as fraudulent certain deeds and a judgment which placed the title to certain land in Pettis county, formerly belonging to Wm. E. Combs, in defendant Pigg, as trustee for Mrs. Combs, and vest it in the plaintiffs, as heirs of their father, Chas. E. Bohannon, who had bought the land at execution sale on a judgment against Wm. E. Combs, who was a party defendant when this cause was here before, but who has since died.

On a former occasion, we held the transactions mentioned as fraudulent, reversed the judgment and remanded the cause.  79 Mo. 305.  On the return to the lower court of this cause, it was again heard, and the evidence the same as before, so far as concerns the main issues in the cause, resulting in a decree in favor of plaintiffs declaring the deeds, judgments, etc., fraudulent and void, as against plaintiffs, etc.  But the lower court also decided that the title of the lands thus decreed to be in plaintiffs be held by them subject to

the dower of Nancy H. Combs, widow of the decedent, Wm. E. Combs, and commissioners were appointed who assigned and set apart the dower interest of said widow in said lands. There was abundant evidence to sustain that portion of the decree which declared the transaction therein mentioned as fraudulent and void; and though there was evidence of a contrary effect, the decree on that point, coinciding as it does with the former adjudication of this court, will not be disturbed, but will be affirmed.

Now, in relation to the residue of the decree: Although there are authorities to the contrary, the better opinion is that when a conveyance of the husband in which the wife joins is set aside as being fraudulent as to creditors, this will result in reviving the wife's right of dower; for that the deed of the husband being void, there is no estate left in the grantee upon which the relinquishment of dower can operate; hence, the wife is restored to her former rights. *Robinson v. Bates*, 3 Met. 40; *Malloney v. Horon*, 49 N. Y. 111; *Dugan v. Massey*, 6 Bush, 81; *Blanton v. Taylor*, Gilmer, 209; *Belford v. Crane*, 16 N. J. Eq. 265; *Wyman v. Fox*, 59 Me. 100; *Stinson v. Sumner*, 9 Mass. 143; *Humes v. Scruggs*, 64 Ala. 40; *Richardson v. Wyman*, 62 Me. 280; *Hinchcliff v. Shea*, 103 N. Y. 153; *Summers v. Babb*, 13 Ill. 483; *Woodworth v. Paige*, 5 Ohio St. 70. The doctrine announced and supported by the foregoing authorities has received the approval of an eminent author. 1 Wash. Real. Prop. [5 Ed.] 261.

From these considerations it follows that it becomes wholly immaterial whether Mrs. Combs made any contract with her husband to relinquish her dower in the land granted to Heard and Trigg, as trustees, in consideration of receiving whatever residue of the land there might be after the satisfaction of the debts mentioned in said deed; because that deed, having been overthrown and for naught held on account of its fraudulent

character, the grant of the inchoate right of dower fell with it, as it was not the alienation of an estate, but the mere incident of the principal thing, the conveyance of the fee by the husband, and of course perished with its principal, because there was no estate left to support it, and because there was no one in whom the bare relinquishment of dower could vest.   *Moore v. Harris,* 91 Mo. 616.

We therefore affirm that portion of the decree, also, which assigned dower to Mrs. Combs.   All concur.