(13 Misc. Rep. 72.)

### BOGERT v. BLISS et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

MORTGAGES—PAYMENT—REISSUE.

Where a bond secured by mortgage is paid, and a consent to satisfy the mortgage is executed by the mortgagee and delivered to the mortgagor, the mortgage is thereby satisfied, and the lien is not reinstated by an assignment of the bond and mortgage by the mortgagor to a third person, as against one who took a mortgage on the premises to secure money advanced to the mortgagor without notice of such assignment.

Appeal from special term.

Action by Henry A. Bogert, as trustee, etc., against George Bliss and others, to foreclose a mortgage. From an order confirming

the report of the referee in proceedings for the distribution of surplus moneys arising from the sale of mortgaged premises, defendant Bliss appeals.     Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Bliss & Schley, for appellant.

Abm. I. Elkus, for respondent.

BISCHOFF, J.   The contention of the parties to this appeal is with regard only to the order of priority in which they were adjudged to be entitled to share in the distribution of the surplus moneys which arose from the sale of the mortgaged premises.   In May, 1891, one Striker, the owner, and his wife, executed and delivered a mortgage to Weil to secure the payment to the mortgagee of $1,000 advanced by him upon Striker's bond, which was to mature one month later.   This mortgage was duly recorded on the day of its date, and at maturity was paid; the mortgagee executing and delivering his consent to its discharge of record.   The bond also was returned to the obligor, but the mortgage was still in the custody of the register.   The consent to the discharge of the mortgage was never placed upon record; and after its delivery to the defendant Robert, as hereinafter mentioned, was destroyed by Striker, or with his consent.   In July, 1891, Striker received a loan of $1,000 from Robert, to whom he delivered the bond and consent above mentioned, upon the oral understanding that the documents delivered, as well as Weil's mortgage, should constitute Robert's security.   In April, 1892, Weil formally assigned the mortgage to Robert, which assignment was at once recorded.   In August, 1891, the defendant Bliss made an advance of $1,000 to Striker, which the latter promised to repay, and to secure the repayment of which, he, with his wife, executed and delivered a deed of the mortgaged premises to Bliss.   This deed was recorded in November, 1891. Upon these facts, the referee concluded that Robert was entitled to priority over Bliss.

When the Weil mortgage was paid, it became functus officio, and the mortgaged premises discharged from its further lien.   15 Am. & Eng. Enc. Law, p. 875, and cases collated in note 1.   "By payment, the whole mortgage is extinct; as much so as if released or paid and canceled of record.   It ceases to operate either at law or in equity, and the whole title revests in the mortgagor.   To call it a 'mortgage' would be an abuse of the word.   It is no more than a blank."   Cameron v. Irwin, 5 Hill, 272, 275.   "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power, over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing."   3 Rev. St. (Banks & Bros.' 7th Ed.) p. 2326, § 6.   Obviously, therefore, after the Weil mortgage was paid, it was not competent for the mortgagor and the mort-

gagee, or either of them, to revive its effect of a lien by parol agreement (Mead v. York, 6 N. Y. 449; Marvin v. Vedder, 5 Cow. 671), at least as against third persons.

No estoppel arose in Robert's favor. No misrepresentation of the true character of the Weil mortgage was made to him. He knew that it was paid and defunct, the evidence of the fact having been surrendered to him, Weil's previously executed consent to its discharge, and the bond in the possession of the obligor. 18 Am. & Eng. Enc. Law, p. 206, and references in note 1. For the purposes of an estoppel, it must appear that there was a misrepresentation or concealment: that it was made with knowledge of the facts to one ignorant of them; that it was made with intent that it should be acted on; and that it was acted on. Bigelow, Estop. p. 480 et seq. And of what effect upon the defendant Bliss' rights was his alleged constructive notice, from the fact of the record, of a defunct mortgage? He did not know at the time of Striker's deed to him, so far as appears, that Robert had taken the Weil mortgage as security for a further loan, and that fact did not appear of record. Possibly, as between Striker and Robert, the assignment and delivery to the latter of the Weil bond and mortgage, upon the oral understanding that it should be security for a loan by Robert, was an equitable or informal mortgage,—an agreement for a mortgage,— of which a court of equity may compel specific performance. Such an oral agreement is taken out of the operation of the statute of frauds by the fact of performance on the part of one of the parties thereto. Sprague v. Cochran, 144 N. Y. 104, 112, 38 N. E. 1000, and cases cited; Rockwell v. Hobby, 2 Sandf. Ch. 9; Jackson v. Parkhurst, 4 Wend. 369. But "every conveyance of real estate, within this state, hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." 3 Rev. St. (Banks & Bros.' 7th Ed.) p. 2215, § 1. That the defendant Bliss was a purchaser for valuable consideration is conceded, and found by the referee. The deed from Striker and wife to him was duly recorded. His good faith cannot be impugned upon any theory of constructive notice of that which was not a lien,—a defunct mortgage,—in the absence of notice, actual or constructive, of the oral agreement for its revival. Obviously, no one can have notice of that which does not exist.

The learned judge at special term, in sustaining the conclusion of the referee, cited Purser v. Anderson, 4 Edw. Ch. 18; Champney v. Coope, 32 N. Y. 543; Kellogg v. Ames, 41 N. Y. 259; and Coles v. Appleby, 87 N. Y. 114. The Purser Case, however, is direct authority for the position assumed by us in the present. While allusion was not made by him to the statute of frauds and the recording act, the vice chancellor decided that the assignee of the once defunct mortgage could not enforce his rights thereunder as against another mortgagee, and the creditors of the mortgagor,

whose rights had intervened between the dates of payment of the mortgage, its assignment, and the oral agreement for its revival. In the Champney, Kellogg, and Coles Cases the ratio decidendi very clearly appears to have been the intention of the mortgagor or owner of the equity of redemption, at the time of the payment of the mortgage debt, to preserve the lien, by which its merger was prevented.

We attach no significance to the point attempted to be made by the defendant Bliss that he was at least entitled to so much of the surplus moneys as represented the dower interest of Mrs. Striker. Her joinder in the deed of her husband to the defendant Bliss operated as a release merely, not as a conveyance of any interest or estate. Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649; Hinchliffe v. Shea, 103 N. Y. 153, 8 N. E. 477.

The order appealed from should be reversed, and the decision of the referee modified or amended by directing priority in payment of the defendant Bliss' claim; and, as so modified or amended, the decision of the referee should be confirmed. The defendant appellant should have the costs of this appeal, payable out of the fund. All concur.