## BRADSHAW v. HALPIN et al., Appellants.

### Division One, March 17, 1904.

1. **FRAUDULENT CONVEYANCES: Covering Up One's Property by Use of Corporations.** The owner of real estate, after the institution of a suit against him, conveyed the same to a real estate corporation, and at the trial claimed that the consideration for the deed was unpaid rent due the real estate corporation theretofore received by him as treasurer of a manufacturing company for the use of a storehouse belonging to the real estate company. All the stock of both companies was held by the grantor's wife and children except one share, and that was held by him, and he was president, treasurer and general manager of both companies, and in fact the companies were simply his *alter ego*. All the book evidence of the rents received from the manufacturing company was contained in one entry which simply recited the receipt of the deed to the property in suit by the real estate company, on "account of rent collected, $1,250." *Held*, that these facts were sufficient to support a finding that the deed was fraudulent. *Held*, also, that the book entry, made long after the deed was made and the judgment was rendered, arouses suspicion as to the genuineness of the consideration.

2. ———: **Sale Under Execution: Amount of Bid.** The amount of money for which the property sold at the execution sale under the judgment for the creditor, does not affect the fraudulent character of the debtor's deed, nor the purchaser's right to maintain a suit to have the fraudulent deed set aside.

3. ———: **Extent of Decree: Dower.** The court's decree which finds a deed made by a debtor and his wife and sets the same aside should not divest the wife of her dower, but that is an error which can be corrected on appeal without reversing the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

MODIFIED AND AFFIRMED.

*John B. Dempsey* and *Daniel Dillon* for appellants.

(1)  Appellant, the Halpin Real Estate Company, claims that the evidence shows that James Halpin, at the time he conveyed the lot in question to the Halpin Real Estate Company, on January 2, 1900, was indebted to that company in a sum in excess of $1,250, the price at which he sold and conveyed the lot to that company, and that this being so the trial court erred in rendering judgment in favor of plaintiff.  Shelley v. Bothe, 73 Mo. 74; Bangs Milling Co. v. Burnes, 152 Mo. 376; Bank v. Russey, 74 Mo. App. 656.  (2)  The Halpin Real Estate Company also claims that the evidence shows that there is no equity in plaintiff's claim; that she is asking a court of equity to decree that which is clearly inequitable, and that for this reason the trial court erred in not dismissing her petition.  And in this connection this appellant invokes the rule that he who seeks equity must do equity.  Wilson v. Railroad, 120 Mo. 57; Kline v. Vogel, 90 Mo. 239.  (3)  So far as relates to appellant, Margaret E. Halpin, the decree of the circuit court is clearly erroneous even if the conveyance of James Halpin to the Halpin Real Estate Company be set aside as fraudulent as to his creditors. James Halpin was the owner of the land and Margaret Halpin was his wife and had a dower interest in the lot of ground.  If the deed of James Halpin to this lot be set aside, then the dower interest of his wife, Margaret E. Halpin, revives.  Yet the decree in this case divests her of all title and vests it in plaintiff.  Bohannon v. Combs, 97 Mo. 448; Bealy v. Blake, 153 Mo. 672.

*L. Frank Ottofy* for respondent.

(1)  The evidence shows that the conveyance by James Halpin to the Halpin Real Estate Company was made with the intent to defraud his creditor, Mary Devlin.  He executed a voluntary conveyance of all the

property he had so that nothing could be reached on execution, and this conveyance is void. Lionberger v. Baker, 88 Mo. 453; Forster v. Planing Mill Co., 16 Mo. App. 154. (2) The purchaser at the execution sale may maintain the action to set aside the conveyance. The plaintiff here stands in the shoes of the judgment creditor and is entitled to a decree vesting the title in her. Bobb v. Woodward, 50 Mo. 95; Ryland v. Callison, 54 Mo. 514; Zoll v. Soper, 75 Mo. 460; Beam v. Bennett, 51 Mich. 151; Boyer v. Tucker, 70 Mo. 458; Lionberger v. Baker, 88 Mo. 455; Garrett v. Wagner, 125 Mo. 463; Knoop v. Kelsey, 121 Mo. 649. (3) The conveyance to the real estate company was without consideration. Knowledge of the fraudulent intent by the trinity: James Halpin the individual, James Halpin, president and treasurer of the real estate company, and James Halpin, president and treasurer of the manufacturing company, and his wife, Margaret Halpin, is so complete as to leave no room for conjecture on that point. The realty company, therefore, had full notice of the fraud and participated in it. In equity slight evidence of notice would suffice. Indeed, the conveyance is fraudulent in law. Roan v. Winn, 93 Mo. 511; Ins. Co. v. Smith, 117 Mo. 292; Bucks v. Moore, 36 Mo. App. 534; Nat. Tube Works Co. v. Machine Co., 118 Mo. 375; Walsh v. Ketchum, 84 Mo. 431; Patton v. Casey, 57 Mo. 119; Potter v. McDonald, 31 Mo. 69. (4) The fact that plaintiff may have paid an inadequate consideration for the property is no defense to this action. Rinehart v. Long, 95 Mo. 401; Boyer v. Tucker, 70 Mo. 457. (5) Where a deed is set aside for fraud, the right of the wife is not revived where it is charged and it appears that she participated in the fraud. George v. Williams, 26 Mo. 190; Stevenson v. Edwards, 98 Mo. 622; Thompson v. Cohen, 127 Mo. 215; Wells v. Estes, 154 Mo. 298; Bealey v. Blake, 153 Mo. 673. (6) In reviewing the action of the trial court on questions of fact in an equitable proceeding

this court will defer to the result of its findings thereon. Taylor v. Crockett, 123 Mo. 300; Dunivan v. Dunivan, 157 Mo. 157.

BRACE, P. J.—On the 3d day of January, 1900, there was pending in the St. Louis City Circuit Court a suit wherein Mary Devlin was plaintiff and the defendant James Halpin was a defendant, about to come on for trial. And on the same day the said James Halpin by his quitclaim deed, in which his wife and codefendant herein, Margaret E. Halpin, joined, by them duly executed, acknowledged and filed for record, for the recited consideration of one dollar, conveyed lot number 24, Chamberlain Park, in city block numbered 3812, in the city of St. Louis to the defendant, The Halpin Real Estate Company. Afterwards in due course said suit came on for trial, and the said Mary Devlin, on the 10th of January, 1900, obtained judgment therein against said James Halpin for the sum of two thousand dollars, upon which execution was issued on the 10th day of April, 1900, and levied on said real estate, and in pursuance of a sale made under said execution, the plaintiff herein, Mary E. Bradshaw, became the purchaser thereof, and received a sheriff's deed therefor, and afterwards at the October term, 1900, of said court, instituted this suit against the said James Halpin, Margaret E. Halpin and the Halpin Real Estate Company, charging in her petition that said conveyance was voluntary, without consideration, and made for the purpose of hindering, delaying and defrauding the creditors of the said James Halpin, and praying that the same be set aside, and for naught held and for general relief. The answer of the defendants was a general denial. The court found the issues for the plaintiff, entered a decree in which said deed "is cancelled, set aside and for naught held," and then proceeds:

"And the court doth further find that the plaintiff,

Mary Bradshaw, is now the owner in fee simple of the said real estate above described, and it is therefore ordered, adjudged and decreed by the court that the title of the property hereinbefore described is divested out of the defendants and vested in the plaintiff. And the court doth further find that the said Mary Bradshaw is entitled to the immediate possession of the said real estate above described, and it is therefore ordered, adjudged and decreed by the court that she be placed in possession thereof, and it is further ordered that the sheriff of the ctiy of St. Louis shall put the plaintiff in full possession of said real estate. And it is further ordered and adjudged by the court that the defendants pay the costs of this proceeding and that execution issue to carry into effect the terms of this decree.''

From the decree the defendants appeal.

1. That the defendant James Halpin, besides the real estate in question, had no other property, real or personal, subject to execution, out of which the debt of Mrs. Devlin could have been made was conceded, and the right of plaintiff to have the deed in question set aside is manifest, unless the defense set up by James Halpin and his wife in their evidence on the trial was sustained. That defense in substance was that although the consideration recited in the deed was merely nominal there was in fact a real and valuable consideration therefor, in this, that the said James Halpin at the time the deed was made was largely indebted to the Halpin Real Estate Company for moneys before that time received by him from the Halpin Manufacturing Company for rent of store No. 1513, on Chestnut street belonging to said real estate company, and occupied by said manufacturing company, and that said deed was made as a payment of the sum of $1,250 on said indebtedness.

It appears from their evidence that although the said James Halpin was execution proof, yet through the instrumentality of these two corporations, organized

by him for the purpose—he had a large business and income—the usufruct of a large amount of valuable property held and operated by him in their names. The stock of the Halpin Real Estate Company consisted of 750 shares, of the par value of $100 each, 744 of which was in the name of his wife, one share in his own name, and the remaining four in the names of his children— and the shares of the Halpin Manufacturing Company were held by his wife, himself and his children in the same proportions. He was president, treasurer and general manager of both corporations, and conducted the business of each according to his own will and pleasure. They were simply James Halpin incorporated, for his business purposes, and by him used at any time, in any manner and for any purpose he saw fit, and to make out the defense in this case he in substance testified that as treasurer of the real estate company he had collected from himself as treasurer of the manufacturing company a large amount of rents for the Chestnut street store, which he had failed to pay over to himself as treasurer of the real estate company, and on the 3d of January, 1900, being thus indebted, he made the deed in question in part payment of the indebtedness—and thus you have a quick and easy method by which an indebtedness may be created and paid off when a debtor has occasion therefor, and the use of two corporate names besides his own, for the purpose. That the chancellor should have turned a cold and callous ear to this story of self-to-self indebtedness, and of self-to-self payment was a matter of course. The evidence of Mrs. Halpin added nothing to the probative force of that of her husband, for though nominally vice president of both corporations, she took no part in the management of either, and knew nothing about his or their business affairs except what her husband told her. Of this remarkable business transaction the books of the concern showed but a single entry pertaining to it, and that was in a book purporting to be the cash book

of the real estate company—as follows: "April —, 1900, received deed to Chamberlain property from James Halpin, account rent collected, $1,250.00." This entry made long after the deed was made, and the judgment against James Halpin was rendered, and when in due course an execution thereon was impending, looks more like the product of the necessities of the situation, than the record of a genuine business transaction, and instead of tending to sustain, but adds to the suspicious and sinister appearance of the defense. Without stopping to further note the defects, contradictions and inconsistences of the evidence in support of this defense, it is sufficient to say that after a careful consideration of all the evidence in the case, we fully agree with the chancellor in his finding on the issues.

2. It is contended, however, that notwithstanding such finding the bill ought to have been dismissed, because the plaintiff at the sheriff's sale purchased the property for fifty dollars, when in fact it was worth twelve hundred and fifty dollars. There is nothing in this contention. It is well-settled law in this State, that where a debtor conveys his land for the purpose of defrauding his creditors, the land is subject to the creditors' execution, and that a purchaser at the execution sale thereof occupies as advantageous a position as would the judgment creditor, when proceeding to set aside the debtor's conveyance on the ground of fraud. [Ryland v. Callison, 54 Mo. 513; Lionberger v. Baker, 88 Mo. 447; Rinehart v. Long, 95 Mo. 396.]

3. It is finally contended that the decree of the court is erroneous in that it divests Margaret E. Halpin of all title in the lot fraudulently conveyed to the Halpin Real Estate Company and inasmuch as upon the setting aside of the fraudulent conveyance her dower interest in the premises revives, the error is prejudicial to her. That the decree is erroneous in this particular must be conceded, but the error can be easily corrected here by a modification of the decree, which is accord-

ingly ordered, as follows: That the words "that the title of the property hereinbefore described is divested out of the defendants and vested in the plaintiff" be stricken out of the decree and the following words be inserted in place and lieu thereof: "That the Halpin Real Estate Company be divested of all title by it acquired in and to the property hereinbefore described under and by virtue of said deed of January 3rd, 1900, and that the same be vested in the plaintiff." The decree as thus modified will be affirmed.

All concur.