## JOHN D. McCRILLIS, Respondent, v. SARAH A. THOMAS, Appellant.

### Kansas City Court of Appeals, February 27, 1905.

1. **COVENANT FOR TITLE: Dower: Release: Effect of.** A wife's joinder in the deed of her husband is not an alienation of an estate nor the extinguishment of her inchoate right of dower, and operates only by way of estoppel in favor of the grantee in the deed alone and cannot affect her right against other parties.

2. ——: ——: **Sheriff's Deed: Limitation.** A wife's right of dower matures at her husband's death and her action is not limited by an elapse of seven years, and a sheriff's deed conveying the husband's title cannot affect her rights whether such deed if void or valid between the husband and the purchaser.

3. ——: ——: **Evidence: Record of Former Recovery: Eviction.** Where a grantor has been sued and compelled to pay damages for dower encumbrances and then sues his grantor for indemnity, the record of the former recovery is properly admitted in evidence.

4. ——: ——: ——: **Value of Land.** Such grantor's recovery must be limited by actual value of the dower interest, however much more he may have paid; and evidence of the value of the land is therefore proper.

5. ——: ——: **Damage: Costs: Notice.** A grantor's liability for the value of a dower encumbrance and the costs incurred by his grantee in defending against such encumbrance is in no wise affected by the fact that he had no notice of the former suit.

Appeal from Jasper Circuit Court.—*Hon. Hugh C. Dabbs,* Judge.

AFFIRMED.

*Harding & Bright* and *Brown & Crowder* for appellant.

(1) Not having been made a party, nor served with notice to appear and defend the dower suit, the defendant was not in any way affected by the judgment.

Plaintiff, therefore, had no right to recover any part of the money paid in extinguishment of the dower interest. Walker v. Deaver, 79 Mo. 664; Leet v. Gratz, 92 Mo. App. 422; Long v. Wheeler, 84 Mo. App. 106. The record of the proceedings in Chrisman v. Allen for the recovery of the dower being *res inter alios acta,* was not admissible in the case for any purpose whatever. Walker v. Deaver, supra. (2) The court below especially erred in permitting the plaintiff to introduce testimony, against defendant's objection, touching the value of the lot in question, as the damages recoverable on breach of covenant against encumbrances, are what the plaintiff has paid to extinguish the encumbrances, if he has paid a reasonable price, without reference to the value of the land. Walker v. Deaver, supra. (3) Conceding, for the sake of argument, that the court below was justified in finding for the plaintiff (which we emphatically deny), it certainly was not justified in rendering a judgment for the plaintiff, as it did, in the sum of $957.57. According to the judgment in Chrisman v. Allen, which is all plaintiff claims to have paid in extinguishment of the dower interest, it is apparent that plaintiff was only entitled to recover about $633. (4) The deed of August 13, 1866, from Leander H. Chrisman and Ann E. Chrisman, his wife, to Adam Chrisman, operated to release the inchoate right of dower of Ann E. Chrisman, and this deed effectually barred her from asserting any dower rights to the lot in controversy. Frey v. Boylan, 23 N. J. Eq. 90; Johnson v. Van Velsor, 43 Mich. 208; Devorse v. Snyder, 60 Mo. 235; Ellis v. Kyger, 90 Mo. 600; Carter v. Walker, 2 Ohio St. 339; Elmendorf v. Lockwood, 59 N. Y. 322. (5) The judgment and proceedings in the Jasper Circuit Court against Leander H. Chrisman in the two attachment cases in favor of Jasper county are utterly void for want of jurisdiction over the property of said Chrisman. 3 Am. and Eng. Ency. L. (2 Ed.), 207; Drake on Attachments, secs. 115,116; Shinn on Attach-

ments and Garnishments, secs. 153-154; Bank v. Garton, 40 Mo. App. 113; Hargadine v. Van Horn, 72 Mo. 370; Burnett v. McCluey, 78 Mo. 689; Norman v. Horn, 36 Mo. App. 419; Tufts v. Valkening, 122 Mo. 631; Durosetts v. Hale, 38 Mo. 346; Blodgett v. Schaffer, 94 Mo. l. c. 670. (6) Even though Ann E. Chrisman had dower in the lot in question (which we deny) the plaintiff and those under whom he claims, having been in the adverse possession of the lot for more than ten years, acquired the title of Adam Chrisman thereto. And it is entirely settled that the vendee may deny the title of his vendor, and protect himself by an adverse title acquired from another. Allen v. Moss, 27 Mo. 365.

*Howard Gray* for respondent.

(1) The appellant is in error in asserting that the trial court held that the judgment in the case of Chrisman v. Allen was binding upon her. The trial court made no such ruling, but respondent introduced the testimony of several witnesses to prove the value of the encumbrance and the judgment was properly admitted in evidence for the purpose of showing the eviction of Allen. The action of the court in this respect is sustained in the case of Walker v. Deaver, 79 Mo. 664. (2) Appellant complains that the court erred in permitting evidence touching the value of the lot in question. It is difficult to understand how the court would ascertain the reasonable value of an encumbrance such as a dower interest without knowing something about the value of the property. (3) The judgment was for one hundred dollars and the further sum of one hundred and ten dollars per year during the lifetime of the said Ann E. Chrisman, and the court found that in satisfying said judgment and dower interest the plaintiff had paid nine hundred and fifty-seven dollars and fifty-seven cents, and "the court finds that the amount

McCrillis v. Thomas.

paid by plaintiff was reasonable and that the value of the dower interest of said Ann E. Chrisman in said property was worth said sum.'' (4)    Under the circumstances, said Ann E. Chrisman upon the death of her husband in 1890, was entitled to dower in the premises. Scribner on Dower, ch. 12, pars. 40, 41, 49; Kitzmiller v. Rensselaer, 10 Ohio St. 63; Littlefield v. Croker, 30 Maine 192; Taylor v. Fowler, 18 Ohio 567; Tiedeman on Real Property, sec. 127; Malloney v. Horon, 49 N. Y. Ct. App. 111; 1 Washburn on Real Property (2 Ed.), 203; Blain v. Harrison, 11 Ill. 384; Robinson v. Bates, 3 Met. 40; Bohanan v. Combs, 97 Mo. 448; Wells v. Estes, 154 Mo. 291; Needles v. Ford, 167 Mo. 495; Bradshaw v. Halpin, 180 Mo. 666, 79 S. W. 685.

JOHNSON, J.—This is an action under a covenant against encumbrance contained in a warranty deed which was executed and delivered by defendant to plaintiff on August 12, 1875, and in which certain real estate in the city of Carthage was conveyed. On June 27, 1879, plaintiff by warranty deed conveyed the same land to Charles C. Allen. In 1865 the land was levied upon under two writs of attachment issued in suits brought against Leander H. Crisman, who was then the owner thereof. These suits ripened into judgments; executions were issued, the land sold thereunder and sheriffs' deeds executed and delivered to Norris C. Hood, the purchaser. Plaintiff's grantor, the defendant, acquired title under successive conveyances from Hood. Chrisman was in possession at the time of the levy of the attachment writs. Hood took possession under the sheriffs' deeds and he and his successive grantees, including Allen, continued to hold it. Chrisman died intestate in 1890. In 1897 his widow, Ann E. Chrisman, brought suit against Allen to recover her dower interest. Shortly after service of summons Allen notified plaintiff in writing of the commencement of the action and demand that he defend the same, which

plaintiff did. Judgment was rendered in that action in favor of Mrs. Chrisman; and on March 21, 1903, plaintiff satisfied the judgment and costs, after which he brought this action against defendant to recover the amount so expended. The judgment was for plaintiff in the sum of $957.57. Defendant appealed.

It appeared from the evidence that in 1866, after the land was seized under the attachment writs but before the sheriffs' deeds to Hood were executed, Chrisman, the defendant in those actions and the owner of the land, and his wife, Ann E. Chrisman, whose dower gave rise to this controversy, conveyed the land by warranty deed duly acknowledged by the wife to Adam Chrisman. The deed was placed of record but neither Adam Chrisman, nor any one claiming under him, ever acquired possession; nor do any of the parties to this proceeding, nor did any to the action preceding it, claim title through Adam Chrisman.

The point is made that the defendant, not being a party to the suit of Ann Chrisman against Allen, nor notified in writing to defend that action, nor in any way made privy thereto, is not bound by the judgment rendered therein and is free to interpose any defense that was open to the defendant in that suit. This position is sound and evidently was conceded by the learned trial judge. [Walker v. Deaver, 79 Mo. 678; Leet v. Gratz, 92 Mo. App. 422; Long v. Wheeler, 84 Mo. App. 101; Wheelock v. Overshiner, 110 Mo. 100.]

Defendant contends that by joining in the deed executed by her husband in 1866 to Adam Chrisman, whereby she relinquished her dower to the said grantee, Ann E. Chrisman became divested of all interest; and, therefore, when she brought suit against Allen, had no right upon which to base her action. We do not entertain this view. The inchoate right of dower which exists during coverture is not an interest in nor title to the land subject to conveyance. It may be released or relinquished; but such release does not oper-

ate as an extinguishment except in favor of the person to whom it is given and those who claim under him. The wife's deed operates only by way of estoppel, not as the alienation of an estate. It is the release of a contingent future right. [Washburn on Real Prop., section 426; Tiedeman on Real Prop., section 127; 2 Scribner on Dower, 265; Malloney v. Horan, 49 N. Y. 118; Littlefield v. Croker, 30 Maine 192; Blain v. Harrison, 11 Ill. 384; Kitzmiller v. Rensseler, 10 Ohio S. 64; Bradshaw v. Halpin, 180 Mo. 666, 79 S. W. 685; Bohannon v. Combs, 97 Mo. 446; Wells v. Estes, 154 Mo. 297; Needles v. Ford, 167 Mo. 495.]

The deed to Adam Chrisman avails nothing to the defendant, a stranger thereto. Ann E. Chrisman, as to the parties here, was not divested of her inchoate right, nor was that right affected by the sale of her husband's estate under execution. [Davis v. Green, 102 Mo. 180.] Her right of dower matured at the death of her husband in 1890. Her action, begun in 1897 was timely, for limitations did not begin to run against her until her husband's death. [Robinson v. Ware, 94 Mo. 678.] The sheriffs' deeds to Hood were effective to convey the title of Leander H. Chrisman. Various attacks are delivered against them by defendant, none of which we deem it important to discuss for the reason that it is of no advantage to defendant to establish the invalidity of those deeds. Whether valid or void, they were without effect upon Ann E. Chrisman's inchoate right of dower. That right was vested in her when she joined her husband in the deed to Adam Chrisman; and after the delivery of that deed it remained in her against all the world *save Adam Chrisman* and *those claiming under him.*

Objection is made to the admission in evidence by the trial court of the record of the proceedings and judgment in the case of Chrisman v. Allen. But we perceive no error in this. The evidence was competent to show the legal compulsion under which plaintiff sat-

isfied the claim of dower. An actual eviction was not required to give plaintiff a cause of action against his covenantor. The judgment against him establishing the paramount title of the widow was the legal equivalent to eviction; and his satisfaction thereof perfected his cause of action. [Walker v. Deaver, supra; Leet v. Gratz, 92 Mo. App. 422; Wheelock v. Overshiner, 110 Mo. 108.]

Nor was error committed in admitting evidence of the value of the land. As defendant urges, she was not bound by the judgment against plaintiff, although plaintiff was restricted in his recovery to the amount paid by him in satisfaction of the judgment and costs. Had the amount so paid exceeded the value of the dower interest, the amount of plaintiff's recovery would be limited to the actual value. It, therefore, was incumbent upon him to produce evidence from which such value could be ascertained. [Wheelock v. Overshiner, supra.]

The judgment was not excessive. The court found as a fact, and in this was supported by the evidence, that the amount paid by plaintiff in satisfaction of the judgment against him, including costs, was within the actual value of the dower interest. Had defendant been bound by that judgment the costs incurred and paid by plaintiff in defending the action would have been an element of his recovery. [Walker v. Deaver, supra; Hazelett v. Woodruff, 150 Mo. 546.] No good reason can be assigned for depriving him of reimbursement for these costs. Defendant is not injured in being required to pay them, included as they are within the value of the dower interest. The same logic that would exclude a recovery for them because of failure to notify defendant of the pendency of that suit would also apply to deprive plaintiff of any cause of action under the covenant in defendant's deed, for they were a part of the judgment he was compelled to pay in consequence of legiti-

mate efforts to defend his title; and this burden was imposed upon him because of defendant's breach of covenant. The liability of defendant to him was in nowise affected by the fact that she was not notified to defend the suit against Allen. [Wheelock v. Overshiner, supra.]

Finding no error, the judgment is affirmed. All concur.