———o———

DANIEL MCCLURE, Respondent, *vs.* GEORGE R. LOGAN, Appellant.

1. *Judicial sale—Land purchased at, where judgment had been satisfied—Title acquired.*—A purchaser at a judicial sale takes no title to the land purchased although bought in good faith and without notice, where the judgment had been satisfied prior to the sale under the execution issued thereon. The debt being extinguished the power to sell died with it. And in regard to this contingency the purchaser buys at his peril.

*Appeal from Nodaway Circuit Court.*

*Johnston & Jackson, with L. H. Case,* for Appellant.

I. A sale of land to an innocent purchaser, under an execution issued on a valid subsisting judgment, is not void nor voidable by reason of such judgment being satisfied by pay-

McClure v. Logan.

ment in the State of Indiana, unless some notice of such satisfaction had been given to the sheriff or purchaser prior, to such sale, by entering the same of record, as required by statute, or recalling the execution from the sheriff. (Reed vs. Austin, 9 Mo., 73; Weston vs. Clark, 37 Mo., 568; Durett vs. Briggs, 47 Mo., 356; Wood vs. Colvin, 2 Hill [N. Y.], 566; Myers vs. Cochran, 29 Ind., 256; Nichols vs. Dissler, 2 Vroom Law R. [N. J.], 461, 462; 6 Barr, top of p. 249; 29 Ind., 256.)

II. The sale was not void nor voidable, for the sheriff in making the sale was by law constituted the agent of the defendant. The *fi. fa.* being in full force, sustained by a valid subsisting judgment at the time it came to that officer's hands and no notice of its revocation being received by him until long subsequent to such sale, the act of such agent concluded his principal, the respondent. (Conway vs. Nolte, 11 Mo., 74; Sto. Ag. [Bennett's Ed], § 470; Rorer Jud. Sales, §§ 54, 55, 56.)

III. A purchaser at sheriff's sale, is bound to look only to the judgment, execution, levy and sheriff's deed; and if they, upon their face, will support the sale, the purchaser is protected in his purchase, if notice be not proved *aliunde* upon him. And if any of the parties to the record or the sheriff are in default and loss occurs, the person in default must sustain it. (Lenox vs. Clark, 52 Mo., 115, 117, 118.)

*Dawson & Edwards*, for Respondent.

I. A sale of real estate, made under color and authority of an execution, issued upon a judgment which was satisfied at the time of the sale, is absolutely void, and a sheriff's deed, executed in pursuance of such sale, passes no title, even to an innocent purchaser for a valuable consideration. (Weston v. Clark, 37 Mo., 586; Durette vs. Briggs, 47 Mo., 356; Bartlett vs. Abney; Durfee v. Moran, 57 Mo., 374; Wood vs. Colvin, 2 Hill, 566; Craft vs. Merrill, 14 N.Y., 456; Swan vs. Saddlemire, 8 Wend., 676; Lewis vs. Palmer, 6 Wend., 368; Neilson vs. Neilson, 5 Barb., 565; Carpenter vs. Still, 11 N. Y., 61; Jackson

vs. Clark, 18 Johns., 440 ; Delaplane vs. Hitchcock, 6 Hill, 19 ; Millard us. Canfield, 5 Wend., 61 ; Sherman vs. Boyce, 15 Johns., 443 ; Jackson vs. Anderson, 4 Wend., 474 ; Laval vs. Rawley, 17 Ind., 36 ; State vs. Lalyers, 19 Ind., 432 ; Myers vs. Cochran, 29 Ind., 256 ; Hammett vs. Wyman, 9 Mass., 137 ; King vs. Goodwin, 16 Mass., 63 ; Dew vs. Werrell, 11 Ired., 424 ; Harwell vs. Wersham, 2 Ham., 524 ; Rorer Jud. Sales, 252, § 720 ; Freem. Judgm., 399, § 480.)

II. As the sheriff sold to Porter under a power, if there was in fact no subsisting power by reason of the satisfaction of the judgment upon which the execution was based, no title passed. (Jackson vs. Anderson, 4 Wend., 474.)

SHERWOOD, Judge, delivered the opinion of the court.

In a proceeding to cancel certain deeds, the court below held that a purchaser, at a judicial sale, took no title to land purchased, although he purchased in good faith and without notice ; that the judgment was satisfied prior to the sale, under the execution issued thereon.

The point was considered in Reed vs. Heirs of Austin, 9 Mo., 722 ; but there was a division of opinion in regard to it ; the majority of the court holding that the purchaser obtained a title notwithstanding the previous satisfaction of the judgment. The subject was not, however, extensively nor elaborately discussed, nor were the authorities cited in support of that view. (Jackson vs. Caldwell, 1 Cow., 622 ; Jackson vs. Anderson, 4 Wend., 474), directly in point.

In the subsequent case of Durette vs. Briggs (47 Mo., 356), the matter underwent a more thorough discussion, when a conclusion in conformity to that arrived at by the trial court in the case at bar was reached. So, also, Durfee vs. Moran, (decided at our last August term) although containing other elements on which the decision of that case might have rested, yet on the point in hand arrives at the result just indicated.

And though there is a conflict of authority in regard to the validity of a purchase made under the circumstances heretofore mentioned, it is confidently believed that the current of judi-

cial opinion will be found in accord with that adopted by our own court, in its more recent decisions. (Ror. Jud. Sales, § 722; Jackson vs. Morse, 18 Johns., 441; Wood vs. Colvin, 2 Hill, 566; Carpenter vs. Stillwell, 11 N. Y., 61, Craft vs. Merrill, 14 *Id.*, 456; Hammatt vs. Wyman, 9 Mass., 138; King vs. Goodwin, 16 *Id.*, 64; Swan vs. Saddlemire, 8 Wend., 676), and cases cited.

The principle on which these decisions rest, is that the existence of the debt, whose collection is the sole object of the issuance of the *fi. fa.*, is the basis on which the power to sell alone depends; that when the debt is extinguished, the authority under and virtue of the execution dies with it, and that he who buys under a power buys at his peril, and takes nothing by his purchase if the alleged power does not exist. And no good reason is perceived, why the same principle is not applicable in a case like the present, as would be applied to one where the authority is conferred by the act of the parties rather than that of the law.

If the principal is dead, although the purchaser is unaware of the fact, and acts in the most perfect good faith, yet his purchase from the agent is a nullity and no title ensues therefrom. Such hazards are the inevitable incidents which attend the doings of all acting under delegated powers, whether conferred by some private person, or by the law.

There were none of the ingredients of an equitable estoppel in this case. The plaintiff, who resides in Louisville, Ky., had settled up the judgment and all costs in full, in October, 1869, and the sale did not take place until the following April; and having the judgment satisfied under the agreement devolved entirely on the plaintiff in the judgment, and on its agents. There is no ground then to impute *laches* in this regard to McClure, or to hold him estopped by a state of facts of which he was wholly ignorant.

The judgment is affirmed, all the judges concur.