HUFF, *Appellant*, v. MORTON.

88 399|
154 299|

**Judgment**: SATISFACTION : RELEASE. A quit-claim deed by the owner of a judgment purporting to release to the judgment debtor the lien of the judgment on land described in the deed does not satisfy said judgment so as to avoid a sale thereunder to a purchaser without notice, actual or constructive, of the release.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*W. W. Wood* and *J. J. Cockrell* for appellant.

(1) The release not being a satisfaction in full of the judgment did not destroy the power to issue execution and sell the property of the judgment debtor, for the reason that a sale under a satisfied judgment is void only for lack of power to issue execution thereon. *McClure v. Logan*, 59 Mo. 234; *Durette v. Briggs*, 47 Mo. 361. (2) The land in controversy having been omitted from the record of the lease, that record could impart no constructive notice, and hence, under the statute, actual notice should have been brought home to plaintiff before the release could affect his rights. R. S. 1879, sec. 693; *Maupin v. Emmons*, 47 Mo. 306; *Leach v. Cargill*, 60 Mo. 316. There was no evidence of such notice. *Cornet v. Bertelsman*, 61 Mo. 126; *Muldrow v. Robinson*, 58 Mo. 331; *Martin v. Jones*, 72 Mo. 23-; *Beattie v. Butler*, 21 Mo. 315; *Lincoln v. Thompson*, 75 Mo. 613.

*Skirk & Portis* for respondent.

(1) The court committed no error in refusing appellant's instructions. (2) The quit-claim deed was a satisfaction of the judgment, as to the land. The

judgment being satisfied as to this land, a subsequent sale of it under said judgment even to an innocent purchaser, without notice would be void. Unquestionably this would be so if the judgment had been satisfied *in toto*. *McClure v. Logan*, 59 Mo. 234; *Durfee v. Moran*, 57 Mo. 374; *Durette v. Briggs*, 47 Mo. 356; *Weston v. Clark*, 37 Mo. 562. And why should it not be so here, where the legal effect of the quit-claim deed was to extinguish the judgment as to the particular piece of land described in it? (3) The execution under which the writ of *venditioni exponas* was issued was *functus officio*, at the time the writ was issued. Hence the sale and deed made under it were void and the deed conveyed no title.

EWING, C.—This was an ejectment suit to recover the northwest quarter of the northeast quarter of section 7, township 44, range 24, in Johnson county. The answer was a general denial. The plaintiff offered an exemplification of an original entry of the land in controversy by Thomas M. Divers from the books of the United States land office at Boonville, Missouri, dated January 10, 1842. Parol evidence of Divers that he sold the land to Wm. S. Snelling; warranty deed from Wm. S. Snelling to W. P. C. Caldwell, date 10th of April, 1851, filed for record Feb. 13th, 1857; warranty deed from W. P. C. Caldwell to Henry Ousley, date 13th of May, 1853, filed for record 13th of Feb., 1857; deed from Henry Ousley, by sheriff, to Mellville U. Foster, date 22nd of April, 1865, filed for record 19th of May, 1865; power of attorney from Henry Ousley to Stephen D. Foulke, date 30th of Jan., 1868, filed for record 29th of Aug., 1868; deed from Ousley by S. D. Foulke, attorney, to M. U. Foster, date 29th of Jan., 1869, filed for record 2nd of Jan., 1869; deed from M. U. Foster, by sheriff, to A. W. Ridings, date 26th of Feb., 1874, filed for record 24th of March, 1874. This deed recites judgment in common pleas court, 23rd of December, 1870, in favor of Tacy Bookheimer and

against M. U. Foster for $1,000; issue of execution 2nd of October, 1873, returnable to October term following; levy 2nd of October, 1873, on land in controversy; advertisement for 20 days in Johnson *Weekly Democrat*; that on day of sale, and during October term, 1873, the sale was stopped by attorneys for plaintiff and defendant and execution returned unsatisfied; order for writ of *venditioni exponas* at said October term; issue of writ of *venditioni exponas* 23rd of January, 1874; receipt of same by sheriff, 23rd of Feb., 1874; advertisement for 20 days in Warrensburg *Standard*, and sale at court house door to A. W. Ridings, 25th of Feb., 1874, for $207.50. Execution and *venditioni exponas* in case of *Bookheimer v. Foster*, under which sale to Ridings was made. Deed from A. W. Ridings, by administrator, to Richard Huff, date 15th of Nov., 1879, filed 13th December, 1879. All the deeds above set out conveyed the land in controversy.

It was admitted that the defendant was in possession as the tenant of the North Western Mutual Life Insurance Company. The defendant then offered in evidence a written release in the shape of a quit-claim deed from L. W. Jack to M. U. Foster, dated January 23, 1873, in which appears the following clause: "This deed of quit-claim being made to release the above land from the lien of a certain judgment in favor of Tacy Bookheimer against said Foster rendered in December, 1879, for $1,000 and assigned to the aforesaid Leonidas Jack and now owned by said Jack, * * * so that neither the said party of the first part nor his heirs nor any other person or persons for him or in his name or behalf shall or will hereafter claim or demand any right or title to the aforesaid premises or any part thereof, but they and every one of them shall by these presents be excluded and forever barred."

Then the defendant introduced as a witness the said Leonidas W. Jack, who testified that the judgment in the case of *Tacy Bookheimer v. Foster*, had been assigned to him. Also, F. M. Cockrell testified that

said judgment had been assigned to said Jack by Tacy Bookheimer in writing, and that he wrote the deed of release from Jack to Foster. There was judgment for the defendant below and the case is here for review.

The deed of release read in evidence was recorded, but the copy of that record, read by the plaintiff in rebuttal, showed the fact to be that the land now in controversy, although in the deed from Jack to Foster, was recorded so that particular tract of land was left out of the record; the record, therefore, showing a deed from Jack to Foster which did not include the land sued for. Hence, this could not be constructive notice to any one, and, if notice in the case is important, it could only be made available by showing actual notice which has not been attempted here. Upon this quit-claim deed the whole case turns and we deem it useless to look further. It is insisted by·the plaintiff that this quit-claim deed was not a satisfaction of the judgment. That the judg-.ment against Foster was not thereby satisfied, but it acted only as a release *pro tanto*. And that a subsequent sale thereunder to a purchaser without notice was valid and that Ridings, therefore, acquired a good title to the land, notwithstanding the quit-claim deed.

It is well settled in this state that a sale under a satisfied judgment is void and passes no title. "If a judgment be satisfied the power to sell under it ceases; and should a sale take place under it the purchaser will acquire no title." *Durette v. Briggs*, 47 Mo. 356; 37 Mo. 568; *McClure v. Logan*, 59 Mo. 234. "When a judgment is satisfied there is no longer any power to sell and it is difficult to see how a title can be acquired even by a *bona fide* purchaser, without notice of the payment." 2 Hill 500; *Wood v. Colvin*, 4 Wend. 474; *Jackson v. Anderson*, 15 Johns. 443. In *Durette v. Briggs*, *supra*, Judge Wagner says: "I think it may be stated as the safest rule that where it appears on the face of the deed or is shown by proof *aliunde* that certain of the premises were sold by virtue

of one or more executions, after such executions were satisfied by the sale of other property, the deed as to such premises so subsequently sold is void and inoperative."

But the question recurs, did this quit-claim deed of release, in the absence of notice to the purchaser, Ridings, either constructive or actual, amount to a satisfaction of the judgment so as to render it thereafter *functus officio*; if the judgment is satisfied it has performed its office and execution can no longer be issued thereunder. We are of the opinion that the deed from Jack to Foster did not satisfy the judgment; that it was a valid, subsisting judgment at the time the writ of *venditioni exponas* was sued out, and that the purchaser without notice acquired the title of Foster. The ruling question in the case is as to the satisfaction of the judgment; that being held not satisfied by the deed of release, the court below erred in its instructions in relation thereto, for which its judgment must be reversed and the case remanded. All concur. Hough, C. J., absent.