HUBER, *Plaintiff in Error*, v. PICKLER.

1. **Judicial Sale**: SATISFACTION OF JUDGMENT BEFORE SALE: TITLE OF PURCHASER. A purchaser at a judicial sale takes no title to the land purchased, although bought in good faith, when the judgment had been satisfied prior to the sale under the execution issued thereon.

2. **Tax Sale**: TITLE OF PURCHASER: PRODUCTION OF TAX RECEIPT BEFORE SALE. Where judgment was obtained against the owner of land in a back-tax suit for the non-payment of taxes, and before a sale thereunder, the collector's receipt for the year for which judgment was rendered was shown him and accepted as payment, and satisfaction entered on the back-tax book, and he agreed to satisfy the judgment and direct the attorney to proceed no further, no title passed to the purchaser at the execution sale thereafter made under the judgment.

3. **Practice**: FILING BILL OF EXCEPTIONS IN VACATION. The case of *Rine v. The Chicago & Alton Railroad Company*, 88 Mo. 392, as to filing bill of exceptions in vacation, followed and affirmed.

*Error to Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*F. M. Harrington* for plaintiff in error.

(1) If the state had a lien against plaintiff's land on January 1, 1877, it was removed by payment of the tax on February 23, 1877. Blackwell on Tax Titles [2 Ed.] 412 ; R. S. 1879, secs. 6835, 6843. Tax receipt was also presented after judgment and before sale, and so entered on the back-tax book. A sale for taxes for a year in which it is shown the land was twice assessed and the tax once paid is invalid. *Rayner v. Lee*, 20 Mich. 384. (2) The assessor having failed to verify the assessment list, as prescribed by statute, is fatal to the collection of taxes based thereon. *State ex rel. v. Schooley*, 84 Mo. 452 ; *State ex rel. v. Cook*, 84 Mo. 185.

(3) Any requirement by statute not complied with to divest title avoids the sale. *William . v. Payton*, 4 Wheat. 79 ; *Early v. Doe*, 16 How. 610; *Johnson v. Liby*, 15 Mass. 144. (4) The court had no jurisdiction by the order of publication to authorize the judgment. The state took judgment for $8.07, and issued execution for $8.07 debt and $21.05 costs. The tax bill, petition, and order of publication each are for $5.85. The judgment being in excess of the relief asked in the petition renders it void. *Carr v. Edwards*, 1 Mo. 137 ; *Maupin v. Triplet*, 5 Mo. 422 ; *Janney v. Spedden*, 38 Mo. 395 ; *Moore v. Dixon*, 50 Mo. 524 ; *State ex rel. v. Davidson*, 87 Mo. 683. (5) Taxes are not liens unless declared so by the legislature under whose authority they are assessed. *Heiner v. Levee Com'rs*, 19 Wall. 655 ; *Philadelphia v. Greble*, 38 Pa. St. 339 ; *Creighton v. Mason*, 37 Cal.

*Smith, Silver & Brown* for defendant in error.

(1) There is no record of the filing of any bill of exceptions, and there is, therefore, no such bill for consideration in this cause. *Roesler v. Bank*, 88 Mo. 565 : *Pope v. Thompson*, 66 Mo. 661 ; *Johnson v. Hodges*, 65 Mo. 589 ; *Fulkerson v. Houts*, 55 Mo. 301. (2) But appellant's first instruction was properly refused. An action to collect back taxes under the act of 1877 (R. S., sec. 6837 *et seq.*) is a suit *inter partes*, and the same presumptions exist in its favor as in case of other judgments. Payment of the taxes was a matter of defence and cannot be raised in a collateral proceeding. *Wellshear v. Kelley*, 69 Mo. 343 ; *Brown v. Walker*, 85 Mo. 263 ; *Howard v. Still*, 14 Mo. App. 583-4. (3) Appellant's second instruction was also properly refused. *City of Kansas v. Johnson*, 78 Mo. 667. The objection that a judgment is excessive cannot be raised in a collateral proceeding. *Howard v. Still*, 14 Mo. App. 584. (4) No error was committed in refusing appellant's

instruction numbered three. The same presumptions exist in favor of the validity of the proceeding of a sheriff in enforcing an execution in a tax case, as in any other case. *Wellshear v. Kelley*, 69 Mo. 353. (5) Appellant's seventh, eighth, and ninth instructions were properly refused. (6) The doctrine of *caveat emptor* does not apply to sales under judgments for taxes rendered in actions brought under the act of 1877. *Wellshear v. Kelley*, 69 Mo. 343.

NORTON, C. J.—This suit is by ejectment to recover the possession of the north half of the northwest quarter of section twenty-nine, township sixty-one, range sixteen, in Adair county, in which judgment was rendered for defendant and from which plaintiff has prosecuted writ of error.

It appears from the evidence that previous to 1870, one Comstock owned the land in dispute, and in that year, conveyed it to one P. A. Lee, who remained the owner till January 5, 1878, when he conveyed it to one Jackman, who owned it till the tenth of September, 1878, when, for the consideration of five hundred dollars, he conveyed it to plaintiff. All these deeds were duly recorded, and constitute plaintiff's title.

Defendant, to overcome plaintiff's right to recover on this title, put in evidence a tax deed conveying the said land to D. S. Hooper, and also a deed from said Hooper conveying the same to defendant. It appears from the tax deed and other evidence that on the twenty-third of October, 1879, in a suit instituted in the name of the state, at the relation of H. W. Snyder, collector of the revenue of Adair county, against defendant as a non-resident of the state, to enforce the lien of the state for delinquent taxes assessed on said land for the year 1876, rendered judgment by default for the amount of said tax, interest, and cost; that on this judgment an execution was issued and delivered to the sheriff on the

twenty-first day of December, 1879, under which he sold the land in question to said D. S. Hooper on the tenth day of February, 1880, for the sum of $23.75.

It further clearly appears that said P. A. Lee, on the twenty-third of February, 1877, paid said Snyder, collector of the revenue of said county, the whole amount of the taxes assessed or levied upon said land for the year 1876, and took his receipt, but that said collector failed to perform his duty in making an entry on his tax book showing such payment, but, on the contrary, returned the land delinquent for the tax of that year, and in August, 1879, commenced a suit in the name of the state to enforce its lien for the taxes of 1876, which culminated on the twenty-third of October, 1879, in the judgment by default, execution, and sale recited in said sheriff's deed to said Hooper. The said suit was against plaintiff, who was a non-resident of the state, as were also said Jackman and Lee, through whom he claimed. He was brought in by order of publication of notice, and the judgment was by default. It further appears that none of the parties were otherwise notified of the pendency of this suit, and knew nothing of it until after the rendition of the judgment, and that, on the fourth of December, 1879, seventeen days before the execution issued on said judgment came to the hands of the sheriff, and more than two months before he made the sale under it, the said collector Snyder's receipt showing the full payment of the taxes for 1876 on said land by said P. A. Lee, who was at that time the owner, was exhibited to Snyder, who admitted its genuineness and the payment of the taxes as therein stated, and that he then made an entry on the back-tax book showing the production of the receipt, and agreed that the matter should be proceeded with no further, and that he would so instruct the attorney who brought the suit.

It is well settled that a purchaser at a judicial sale

takes no title to the land purchased, although bought in good faith, when the judgment had been satisfied prior to the sale under an execution issued thereon. *McClure v. Logan*, 59 Mo. 234. In the case cited it appears that a judgment had been rendered against McClure, who was a non-resident of the state, which judgment had been paid in October, 1869, and his land was sold in the following April, on an execution which issued on said judgment. McClure brought suit to cancel and annul the deed to the purchaser, and it was held that the judgment having been satisfied before the sale that the purchaser got no title, and that after payment of the judgment it devolved entirely on the plaintiff in the judgment to have it satisfied. *Vide Durette v. Briggs*, 47 Mo. 356 ; *Huff v. Morton*, 83 Mo. 402. The principle announced in the cases cited dominates the case before us.

If, in the suit brought by Snyder against plaintiff to enforce the payment of the tax for 1876, he had appeared and produced the said Snyder's receipt for the taxes of that year, no judgment could or would have been rendered against him. And it is equally clear, under the authority of the cases above cited, that if, after the rendition of the judgment and before any sale took place under it, the said Snyder's receipt was shown to him for the taxes of the year on which the judgment was rendered, and the said collector accepted the same as payment and satisfaction, and entered the payment on the back-tax book, a public record, and as such imparting notice, agreeing in effect at the same time to satisfy the judgment by directing the attorney who brought the suit to proceed no further with it, that a purchaser at an execution sale thereafter made under the judgment took no title in virtue thereof.

The taxpayer in this case did all that he was required to do, so far as the payment of the taxes for the year 1876, was concerned. These he paid ; there

was no delinquency on his part. The delinquency was on the part of the collector in not complying with section 6758, Revised Statutes, 1879, and in not entering on the tax book opposite and against the tract of land the tax paid when he collected it, and in falsely or mistakenly returning the land delinquent, when in truth and fact it was not delinquent, and in then instituting a suit to recover a tax which had been paid him more than two years before the suit was brought.

To deprive a non-resident owner of land of his property under the facts in evidence in this case, would be a travesty on justice, and I cannot believe that the legislature ever intended such results to take place, but on the contrary, that body, in section 6791, seemed to contemplate just such a contingency as the case in hand presents and provided to meet it as follows: "Any collector of the public revenue for the state, * * * who shall fail to make return of all lands, tenements, or other real estate to the proper officer, according to law, on which the taxes have been duly paid, so that the same shall, by the cause of his negligence, delinquency, or misconduct, be advertised and sold as delinquent lands, shall forfeit to the innocent purchaser in good faith of such lands, at the time and place appointed for the public sale of the same, one hundred per cent. damages on the sum so paid by the innocent purchaser to such collector, and ten per cent. per annum interest thereon until the same is paid to such purchaser, recoverable in any court having competent jurisdiction."

The bill of exceptions having been filed within the time agreed upon by the parties is sufficiently authenticated under the ruling of this court in the case of *Rine v. Railroad*, 88 Mo. 392.

For the reasons given the judgment will be reversed and cause remanded. All concur, except Ray, J., absent.