# HUME v. HOPKINS, *Appellant.*

## Division One, June 8, 1897.

1. **Ejectment:** EVIDENCE: RECORD OF DEED. The proof of the loss of the original deed of trust is sufficient when declared under oath or *ex parte* affidavit to be lost by the party wishing to use the record as evidence.

2. ————: TITLE: TENANTS BY THE ENTIRETY. A deed to a husband and wife conveys the land to them as tenants by the entirety, and on the death of either of them the title becomes absolute in the survivor. Hence where a deed was made to the husband and wife, and he conveyed it alone by a deed containing the active words of "grant, bargain and sell," and afterward the wife died before the husband, the grantee took the entire estate.

3. ————: ESTATE CONVEYED BY TRUSTEE. The trustee in a deed of trust given as security takes the legal title, and his conveyance of the property, though in breach of his trust, extinguishes his power, and when brought in question in a court of law, vests the title in his grantee. (Following *Schanewerk v. Hoberecht,* 117 Mo. 22.) Nor will such trustee's deed be invalid because it incorrectly described the note mentioned in the deed of trust, nor because it did not give the correct date of the sale, nor because of other irregularities in the sale.

4. ————: UNKNOWN EQUITIES. Where the husband and wife resided on the property mortgaged, and neither the beneficiary nor the trustee in the deed of trust knew that the defendant claimed that she and her mother had bought and paid for the property and that the deed therefor was incorrectly made to her mother and stepfather, the trustee and beneficiary had a right to rely on the recorded title, and took free from the equities of defendant of which they had no notice and which were not made known till the day of the sale.

5. ————: HEIRS. Land deeded to a husband and wife descends to the heirs of the survivor on the death of such survivor.

6. ————: TRUSTEE'S DEED: PRIMA FACIE EVIDENCE. The deed of the trustee is *prima facie* evidence of default in the payment of the debt secured by the deed of trust.

7. ————: CROSS-EXAMINATION: WAIVER. A witness, cross-examined about matters concerning which he had not testified in his direct examination, becomes the witness of such cross-examining party as to the new matter, and his incompetency is waived, even though he is a party to a transaction the other party to which is dead.

8. ——: ADVERSE POSSESSION. One who lives with her mother and step-father, in whom is the legal title, does not have such possession as constitutes adverse possession.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

(1) The court erred in admitting the record copy of the deed of trust from Peter Haden to Goodding, trustee. The best evidence was the original deed itself, and a copy was not admissible till the original was first proven to be lost or destroyed. The plaintiff testified that he had the deed of trust among his papers somewhere, and that he had only looked for it once, and that was four months before this suit was brought. He did not know whether it was lost or destroyed, or whether he still had it or his agent Quinn had it; but thought he had it himself. *Pierce v. Georger*, 103 Mo. 543; *Crispen v. Hannavan*, 72 Mo. 548; *Christy v. Cavanagh*, 45 Mo. 376; *Strain v. Murphy*, 49 Mo. 340; *Hoskinson v. Adkins*, 77 Mo. 538; 1 Greenl. on Ev., sec. 558. (2) The deed from Goodding, trustee, to Hume should not have been admitted in evidence over the objection of defendant. On the face of the paper this deed showed that it was intended to foreclose a deed of trust given to L. Hume to secure a note due L. Hume. The deed of trust already offered in evidence was in favor of J. Th. Fyfer to secure a note due Fyfer; and no deed of trust in favor of L. Hume was ever produced. This trustee's deed foreclosed nothing, and was therefore good for nothing. Another objection to this deed was urged to the trial court, and is now urged to this court, viz., the trustee had no

right to sell till nine months after the death of Peter Haden; and the trustee's deed fails to show that nine months had passed before the day of sale. And the evidence is also silent on this point. R. S. 1889, sec. 144. Another objection is offered and that is, this deed recites that the trustee advertised and sold the lot on June 2, 1884; but the deed of trust was not given till June 18, 1884. (3) The deed from Goodding, trustee, to Hume should not have been admitted in evidence over the objection of defendant. It was dated November 7, 1894, and acknowledged and recorded November 9, 1894, while this suit was instituted two months before, viz., on September 8, 1894. Ejectment can be maintained only upon a legal title existing at the time the action is commenced. *Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106; *Collins v. Brannin*, 1 Mo. 540; *Norfleet v. Russell*, 64 Mo. 178; *Norcum v. D'Oench*, 17 Mo. 98; *Buxton v. Carter*, 11 Mo. 481; *Hall v. Bell*, 6 Metc. 433. (4) The plaintiff was not a competent witness in this cause, as the evidence showed Peter Haden was dead. The court excluded Fyfer from testifying because he was one of the original parties to the contract and the other party was dead. If Fyfer was disqualified the plaintiff was also disqualified; as his right was derived to him from Fyfer, by reason of an assignment of the note. Revised Statutes 1889, section 8918, provides for a case exactly like this, as plaintiff's right was derived to him from one who was disqualified. "The assignee is incompetent if he is interested or a party." Woerner's Am. Law of Adm., p. 834; *Ins. Co. v. Watson*, 30 Fed. Rep. 653; *Messimer v. McCray*, 113 Mo. 382. (5) Defendant's witness Jack Bradford should have been allowed to testify to the statements made by Peter Haden. This was not hearsay; it was an admission of a party against himself, and it was also an admission

against his grantees.    *Wilson v. Albert*, 89 Mo. 545; *Darrett v. Donnelly*, 38 Mo. 492; *Morey v. Staley*, 54 Mo. 419; *Burgert v. Borchert*, 59 Mo. 80; *Johnson v. Quarles*, 46 Mo. 427; 1 Greenl. on Ev., sec. 189; *Hayward Rubber Co. v. Bunckley*, 30 Vt. 29; *Wheeler v. McCorristen*, 24 Ill. 210.    (6)   The only evidence that we have of the note is contained in the, record copy of the deed of trust; and this does not state that the note was given for value received, and it does not state that it was negotiable, or was payable to anyone except Fyfer.    "If the words 'for value received' are omitted, the paper is not negotiable."    The note was not in evidence.' *Bailey v. Smock*, 61 Mo. 218; *Bank v. Bank*, 3 Mo. App. 362; *Davis v. Helm*, 34 Mo. App. 336; 1 Parsons on Notes and Bills, 14; *Taylor v. Newman*, 77 Mo. 257; R. S. 1889, sec. 733; Daniel on Neg. Inst. [3 Ed.], p. 165.

*Wellington Gordon, Webster Gordon* and *James C. Gillaspy*.

(1)    The deed read in evidence from Thomas Whittle to Peter Haden and Emily Haden, they being husband and wife, created a tenancy by the entirety, neither taking a moiety, but each the entire estate, the whole of which remained in Peter Haden, he having survived his wife, Emily.    *Russell v. Russell*, 122 Mo. 235; *Gibson v. Zimmerman*, 12 Mo. 385; *Garner v. Jones*, 52 Mo. 68; *Shroyer v. Nickell*, 55 Mo. 264; *Hall v. Stephens*, 65 Mo. 670; 2 R. S. 1889, sec. 8844; *Edmondson v. City of Moberly*, 98 Mo. 523; *Boyd v. Haseltine*, 110 Mo. 203.    (2)    The lower court did not err in admitting the record copy of the deed of trust from Peter Haden to W. A. Goodding, trustee, to be read in evidence on the trial.    R. S. 1889, sec. 2428. The record of a deed of trust, or a certified copy thereof

is admissible in evidence when it is shown sufficiently to satisfy the mind of the trial judge that the original is lost. *Kleimann v. Gieselmann*, 114 Mo. 437. (3) L. Hume, the plaintiff, was a competent witness in this cause, and his incompetency as a witness, because the other party to the contract in issue had died, must be raised on the offer of the evidence at the trial, and the bill of exceptions shows that no objection was made or exception saved. *Carney v. Carney*, 95 Mo. 353; *Berry v. Hartzell*, 91 Mo. 132; *Hickman v. Green*, 123 Mo. 165. (4) The court did not err in allowing the two trustee's deeds from W. A. Goodding, trustee, to L. Hume to be read in evidence on the trial. The variances and omissions complained of by appellant are immaterial and are not substantial, and did not affect their competency to be used in evidence on the trial, or the validity of the title acquired by plaintiff at the sale. All the essential elements were embodied in both deeds to convey a good title. *Morrison v. Herrington*, 120 Mo. 665; *Mo. Fire Clay Works v. Ellison*, 30 Mo. App. 67; *White v. Stephens*, 77 Mo. 452; *Coe v. Ritter*, 86 Mo. 282; 2 R. S. 1889, sec. 7103; *Mitchell v. Nodaway County*, 80 Mo. 257. (5.) The law does not require the fact to be recited in the trustee's deed that Peter Haden had died nine months prior to the sale under the deed of trust. The evidence of Holmes, Washington and Hume shows that Haden had been dead more than nine months prior to the sale under the deed of trust. (6) The court did not err in overruling defendant's motion for a new trial on the ground of newly discovered evidence. Reasonable diligence was not shown to procure said evidence and it was immaterial and did not go to the merits of the case and would not be decisive and productive on another trial of an opposite result on its

merits. *Mayor v. Burns*, 114 Mo. 426; *State v. Wheeler,* 94 Mo. 252; *Mills v. Sampsel*, 53 Mo. 360.

MACFARLANE, J.—This is an action of ejectment to recover the possession of lot number 238 in the city of Columbia, in Boone county. The petition is in the form usual in such suits.

The answer, after a general denial, contains some special averments the legal effect of which we construe to be that plaintiff claims title under a trustee's deed, made under power contained in a deed of trust executed by one Peter Haden to secure a note made to one Fyfer. That defendant and her mother now deceased bought the land and paid for it, and the title thereto, without her knowledge, was made to the said Haden who was the husband of her mother.

The answer as special defenses charges that the debt secured by the deed of trust was a gambling debt, and the deed of trust was therefore void. It further charges that said debt was fully paid, and the deed of trust satisfied before the sale thereunder was made by the trustee. The reply denied the new matter of the answer. It was agreed that Thomas Whittle was the common source of title.

Plaintiff introduced in evidence a deed from the said Whittle to "Peter Haden and Emily Haden his wife." This deed is dated December 30, 1876, recites a consideration of $600, conveys the lot in question and was recorded July 28, 1877.

Plaintiff then offered in evidence the record of a deed of trust made by Peter Haden to William A. Goodding, as trustee, to secure a note made by the said Haden to one J. T. Fyfer for $48.55, payable one year after date, with interest at ten per cent per annum. This deed was dated June 18, 1884, and was acknowledged and recorded on the same day. It authorized

the trustee to sell the property in default of payment of the note and convey the same to the purchaser. Defendant objected to reading this record until the absence of the original was accounted for. After plaintiff had been examined as a witness, for the purpose of showing the existence of facts which would make the record admissible, the court overruled the objection and defendant excepted.

Plaintiff then offered in evidence a deed by the trustee conveying to him the lot in question. Defendant's counsel objected to the introduction of this deed for the reason that it recited that it was made under a power contained in a deed of trust to secure a note made by Haden to L. Hume, and for the further reason that it does not recite that nine months had elapsed before the sale by the trustee after the death of Peter Haden. The objection was overruled and defendant excepted. The deed is signed by Goodding as trustee, is dated June 16, 1887, and purports to execute powers contained in a deed of trust made to him by Peter Haden, dated June 18, 1884, recorded in book 25, at page 276, to secure *L. Hume* the payment of the note therein described. The deed also recites that the sale was made on the second day of June, *1884*.

Plaintiff then offered in evidence another deed of trustee Goodding dated November 7, 1894. This deed recites that it is made to correct a former deed in which the note was incorrectly described. This deed has the same recitals as the former, except that J. T. Fyfer is named as the payee of the note, and the date of the sale is fixed as of June 2, 1894, instead of 1884, as in the prior deed. Objection was made to the admissibility of this deed for the reason that it is dated and recorded after the institution of the suit.

It appeared from the evidence that Emily Haden died before her husband Peter Haden, and both had

died before the sale by the trustee. No affirmative relief was asked under the answer of defendants, as appears from the abstract, and the case was tried as one at law by the court without a jury. No declarations of law were asked or given, and the trial resulted in a verdict and judgment for plaintiff, and defendant appealed.

I. The objection made by defendants to reading in evidence the record of the deed of trust is not well taken. The oath of plaintiff tended to prove the loss of the original. The proof was not absolutely conclusive, for plaintiff stated that he had the original deed somewhere among his papers, but he stated further that he had looked through them and had been unable to find it.

The object of this preliminary inquiry is merely to establish a reasonable presumption of the loss of the the instrument. The proof of loss of the original is made sufficient when declared under the oath or *ex parte* affidavit of the party wishing to use the record as evidence. R. S. 1889, sec. 2428. The judge who tried the case was satisfied with the proof, and its sufficiency was addressed to his discretion. *Kleimann v. Geiselmann*, 114 Mo. 437. We find no error in permitting the record of the deed to be read in evidence.

II. The deed from Thomas Whittle conveyed the land to Peter Haden and his wife, as tenants by the entirety. R. S. 1889, sec. 8844. On the death of one of the tenants the title became absolute in the survivor. *Russell v. Russell*, 122 Mo. 236; *Bains v. Bullock*, 129 Mo. 119.

It is unnecessary to determine the effect of the deed of trust made by Peter Haden during the life of his wife. The deed contained the statutory covenants of "grant, bargain and sell," and any subsequent title acquired by the grantor, while the deed was in force,

passed immediately to the trustee as effectually as though the title had been in the grantor at the time of the conveyance. R. S. 1889, sec. 8835; *Cockrill v. Bane*, 94 Mo. 444; *Boyd v. Haseltine*, 110 Mo. 207.

It sufficiently appears from the evidence that the death of the wife preceded that of her husband. On the death of the wife the title vested in Peter Haden and immediately passed to the trustee under the deed of trust provided it was then in force.

III. The objections to the trustee's deed to plaintiff on account of mistake made in referring to the source of the power of sale, and in the date of the sale, are not sufficient to defeat the conveyance of the legal title. The conveyance is complete without these preliminary statements and recitals. We take it as being now settled in this State that the trustee, in a deed of trust given as security, takes the legal title, and his conveyance of the property, though in breach of his trust, extinguishes his power, and when brought in question in a court of law, vests the title in his grantee. *Schanewerk v. Hoberecht*, 117 Mo. 22.

The deed of trust and the subsequent death of the wife of the grantor, vested in the trustee the title which his conveyance passed to plaintiff, notwithstanding irregularities in the sale or misstatements in the recitals of the execution of the powers conferred by the deed of trust.

IV. Plaintiff then has the legal title upon which he must recover unless defeated by the equitable defenses pleaded.

The first of these is that there was a mistake in the deed from Whittle to Haden and wife. Defendant is the daughter of Mrs. Haden and stepdaughter of Peter Haden. She charges in her answer that the property was bought and paid for by herself and mother, to whom the deed should have been made, but by

mistake, and without her knowledge, it was erroneously made to Peter Haden and wife. There was some evidence tending to support these allegations, but there was no evidence that either Goodding, the trustee, or the beneficiary in the deed of trust, had notice of these equities when the deed of trust was made, or subsequently until the day of the trustee's sale. Peter Haden and wife were living on the property at the time, and there was nothing in the character of the deed that would give notice of a mistake, or would put a person of reasonable prudence on the inquiry. By the decisions in this State, under the laws relating to the rights of husband and wife in force when the deed of trust was made, the husband had the right to mortgage the property, subject of course to defeat by the survivorship of the wife. *Hall v. Stephens*, 65 Mo. 678. The trustee and beneficiary had a right to rely on the recorded title, and took the title free of any equities of which they had no notice.

V. The plea that the debt was paid before the sale and conveyance by the trustee, if established, would defeat plaintiff's right of possession. While the trustee's deed passed the legal title to plaintiff, yet if the secured debt had been previously paid the sale would be a breach of the trust, and the equitable title would remain in the heirs of Peter Haden.

Plaintiff testified that the debt was paid by her mother to Mr. Evans in one of the banks. Mr. Evans testified that he knew nothing of such payment. Defendant proved on the trial that she gave notice at the trustee's sale that she owned the property, but nothing was said about the payment of this mortgage debt. Her claim then made was doubtless the one she made on the trial, that she and her mother bought and paid for the land, and she inherited from her mother.

The deed of the trustee is *prima facie* evidence of default in the payment of the secured debt, and we do not think the evidence of payment sufficient to overcome it. R. S. 1889, sec. 7103; *Morrison v. Herrington*, 120 Mo. 674.

If the debt had been paid the outstanding equities would be in the heirs of Peter Haden, as he survived his wife, unless there was in truth the alleged mistake in the deed from Whittle. In that case the heirs would be necessary parties in a suit to establish the equitable rights claimed by defendant.

VI. Objection is made to the competency of plaintiff to testify as a witness on the ground that Peter Haden is dead.

The witness testified in chief only to the death of Peter Haden and his wife, and that the latter died first. These facts were abundantly established by other witnesses and there was no evidence to the contrary. The admission of the evidence of plaintiff, though he may have been incompetent to testify, could not have been prejudicial to defendant, and the error, if it were an error, was harmless, and would not be ground upon which to reverse the judgment. On cross-examination defendant's counsel examined the witness on various matters not inquired about in the examination in chief. On re-examination by plaintiff the witness testified to the rental value of the land.

When defendant examined the witness on matters about which he had not been questioned by plaintiff's counsel in chief, she made him her witness as to the new matter testified to, and waived his incompetency. On re-examination by plaintiff, in respect to the rental value of the land, no objection was made, and no other witness was called in support of that issue, though from the nature of the fact to be proved we

can assume that it was within the knowledge of many persons. Under the circumstances, if the witness was incompetent to testify to the rental value of the land, defendant must be held to have waived it. *Hickman v. Green*, 123 Mo. 165; *Carney v. Carney*, 95 Mo. 358; *Ess v. Griffith*, 139 Mo. 322.

VII. The evidence did not show adverse possession in defendant for time sufficient to bar the action. The deed to the lot was made to Peter Haden and wife and under it they took possession. They remained in possession until their respective deaths. The fact that defendant, the daughter of Mrs. Haden, lived in the family during their lives, constituted no adverse possession. Her occupancy of the premises after the death of Peter Haden was only one or two years next before this suit was commenced. There was no bar of the statute.

A number of other questions are discussed by counsel, all of which have been examined with care. Finding no error materially affecting the merits of the action, the judgment is affirmed. BARCLAY, P. J., BRACE and ROBINSON, JJ., concur.