Wells v. Estes.

---

## WELLS v. ESTES, Appellant.

### Division Two, February 20, 1900.

1. **Bill of Exceptions: FILING: TIME OF APPROVAL.** It makes no difference when a bill of exceptions is approved by the judge, if it is filed with the clerk within the time allowed by the court, with his approval indorsed thereon. The date of the filing, and not that of its approval, is the important date.

2. **Dower:** SIGNING FRAUDULENT DEED. The dower of a wife who, without consideration, joined with her husband in the execution of a deed which was afterwards set aside as having been made in fraud, to which she was not a party, was restored to her by the judgment setting aside the deed. The mere fact that she signed the fraudulent conveyance is not sufficient to make her a party to the fraud.

3. **Recital in Trustee's Deed:** PAROL EVIDENCE. Plaintiff and her husband gave two deeds of trust, on two separate tracts of land, to secure the payment of a note. The property secured by the first deed of trust was sold by the trustee therein named, and brought more than the debt, but the holder of the note proceeded to have the other property sold under the other deed of trust, and bought it in, and the trustee's deed recited that there had been default in the payment of the note, and the deed of trust made such recital *prima facie* evidence of its truth. *Held* that plaintiff is not estopped from claiming dower in said land by reason of such recital in the trustee's deed, it being only *prima facie* evidence of that fact, and parol evidence was admissible for overcoming that presumption in a suit for dower.

4. **Deed of Trust:** FORECLOSURE AFTER PAYMENT OF DEBT: NOTICE. A purchaser at a trustee's sale, under a deed of trust, who has notice that the debt has been paid, takes no title. And the holder of the note, for which the sale is made, is chargeable with notice that it has been paid. And a public announcement by the trustee at the sale is also such notice.

Appeal from Pike Circuit Court.—*Hon. Reuben F. Roy,* Judge.

AFFIRMED.

*Pearson & Pearson* for appellant.

(1)   Plaintiff is a party to the warranty deed, conveying to the defendant the "Coles tract" of land. She is therefore estopped from setting up a claim for dower as against Estes, her grantee in said warranty deed, and from claiming that because such deed has been declared fraudulent as against the creditors of her husband and at the instigation of his creditors, it is also void as against her. A deed though fraudulent as to creditors is valid as between the parties there-

to. Stevenson v. Edwards, 98 Mo. 622; Thompson v. Cohen, 127 Mo. 215; Larrimore v. Tyler, 88 Mo. 661; Devorse v. Snider, 60 Mo. 235. (2) Plaintiff is estopped from claiming dower in the 200 acre tract because she was bound by the recitals in trustee's deed of Monroe to Estes. R. S. 1889, sec. 7103; Walters v. Senf, 115 Mo. 524; Tyler v. Hall, 106 Mo. 313; White v. Stephens, 77 Mo. 452; Vail v. Jacobs, 62 Mo. 130; Lanier v. McIntosh, 117 Mo. 508; Hume v. Hopkins, 140 Mo. 65; Schanewerk v. Hobrecht, 117 Mo. 22.

*J. D. Hostetter* for respondent.

(1) As to the 200 acre tract the evidence clearly shows and the trial court found, that the debt secured by the 1875 deed of trust had been previously paid off, hence when the sale took place under said deed of trust, no title passed, because the debt is the life of the mortgage, and having been extinguished, the sale was a nullity, and carried no title whatever to the purchaser. Baker v. Halligan, 75 Mo. 435; McClure v. Logan, 59 Mo. 234; Weston v. Clark, 37 Mo. 568; Huff v. Morton, 83 Mo. 399 at 402; Huber v. Pickler, 94 Mo. 382; Durette v. Briggs, 47 Mo. 356, It must be remembered that Estes was the owner of the debt, and had caused the sales to be made by the trustees, and purchased at both sales, and announcement was made publicly in his hearing, just previous to the sale of the 200 acre tract on behalf of Mrs. Wells, that the debt having been previously paid off by the proceeds of the sale under the 1873 deed of trust, she claimed her dower against the purchaser, in said tract of 200 acres, then about to be sold. Davis v. Green, 102 Mo. 170; Blevins v. Smith, 104 Mo. 583. (2) The rule is, in general terms, that a party to a fraudulent conveyance is estopped from urging its illegality, in order to avoid its effect. But this rule applies only to the participants in the fraud; in this case to Mr. Wells and Mr. Estes. It is the penalty

for their fraudulent conduct. It is not the policy of the law to aid either the fraudulent grantor or the fraudulent grantee. But Mrs. Wells was not a fraudulent grantor. She had no creditors to defraud. She owed no one. The joining in a deed with her husband to Mr. Estes, did not make her a party to any fraud, even though said deed was afterwards set aside at the instance of her husband's creditors. When set aside, it was the same as if no deed had ever been made, particularly in view of the trial court's finding, that Mr. Estes had "parted with no valuable or legal consideration." She could only convey her dower by a joint deed with her husband. While her husband might not be able to destroy and annihilate such deed, on account of his participation in the fraud, the creditor can, and when done, it operates so as to restore her dower.

BURGESS, J.—This is a suit by plaintiff who is the widow of Lemuel M. Wells, deceased, against the defendant for the admeasurement of her dower in three different tracts of land to which her husband owned the title in fee during their marriage, and which are owned by and in the possession of defendant.

In this litigation the tracts of land are designated as follows: One tract of one hundred arpens, another of two hundred acres, and a tract containing three thousand and one acre, called the "Coles tract."

Plaintiff was sixty-two years of age at the time of the trial, which resulted in a judgment in her favor that she is entitled to dower in all three of said tracts of land, and for the sum of $9,356.55 damages. The court found that the rental value of the three thousand and one acre tract was two dollars per acre for each year, and of the two hundred acre tract one dollar and fifty cents per acre, and of the one hundred acre tract nothing.

After unsuccessful motion by defendant for a new trial he appeals.

The ruling and judgment of the court with respect to the one hundred arpen tract is not complained of, on this appeal, so that no further notice need be or will be taken of the ruling of the court with respect to that tract.

As to the two hundred acre tract the record discloses the following state of facts:

On September 4, 1873, Lemuel M. Wells borrowed from Aaron McPike the sum of $6,233.33, for which he executed his note due one day after date, bearing ten per cent per annum and, to secure its payment he and his wife the plaintiff, executed their certain deed of trust to D. L. Caldwell, trustee for said McPike, on certain land therein described, containing one hundred and ninety-seven acres.    This deed of trust was duly recorded in the recorder's office of Pike county where the land lies, on September 13, 1873.    Thereafter, on November 18, 1875, Lemuel M. Wells, his wife, the plaintiff, joining therein with him, executed to Elijah Robinson, trustee for McPike, a deed of trust on the two hundred acre tract of land in controversy, an entirely different tract, as additional and further security for the payment of said note.

In March, 1877, McPike obtained in the circuit court of Pike county judgment against Lemuel M. Wells for the amount then due on said note, the lien of which judgment was thereafter kept in force by revivals of the judgment lien.

Various payments were made by Lemuel M. Wells upon this debt until October 15, 1889, on which date the balance remaining due thereon was $5,546.35, when the note was assigned by McPike to defendant Estes, he paying McPike the full amount then due thereon.

Robinson the trustee in the second deed of trust declined to act, and in accordance with its provisions the sheriff of the county, Gilbert Monroe acted in his stead, and he and Caldwell advertised the property for sale under the respective deeds of trust on the 7th day of October, 1890.

The sale by Caldwell, trustee in the first deed of trust, was made first, at which the property brought the sum of $7,289, Estes himself becoming the purchaser. The proceeds of this sale amounted to more than a sufficient amount to pay off the debt, interest, the costs attending it, and the cost of advertising the property for sale under the second deed of trust; and when the property was offered for sale later in the day under the second deed of trust, these facts were publicly announced at the place of sale. But Estes caused the sale of the two hundred acre tract to proceed, and bought it in for one dollar per acre, and received a deed from Monroe, the acting trustee in the second deed of trust, purporting to convey to him all the interest of the grantors in said land.

With respect to the three thousand and one acre, or "Coles tract," it appears that on May 18, 1887, Lemuel M. Wells, the plaintiff, his wife joining with him, conveyed this tract to Fielden Estes, the recited consideration in the deed being $48,880.03. Thereafter on December 8, 1892, at the instance of Charles Martin et al., creditors of Lemuel M. Wells, the Pike County Circuit Court rendered a decree in the suit of said Martin et al. v. Estes, annulling and setting aside said deed on the ground that the same was made in fraud of the creditors of said Lemuel M. Wells, in which the court found that Estes paid no consideration for said land, was a party to said fraud, and acquired no title to said land by said deed.

It is insisted by plaintiff that the bill of exceptions was not filed in time, and that no matter of exception should be considered on this appeal.

It appears that on the 30th day of June, 1897, the court, by an entry of record, allowed defendant until the 15th day of September next following to file his bill of exceptions, and while the record shows that the bill was signed by the judge in 1897, and, on the 9th day, it does not show of what month, the name of the month being omitted, but the record also

shows by an entry made thereon by the clerk of the court at the time, that the bill was filed on the 10th day of September, 1897, thus showing that it must have been signed by the judge, within the time allowed for its filing.

It is not absolutely necessary that the date of the signing of the bill appear therefrom or that it be dated at all, as the date of the filing must control, for it makes no difference when signed if filed within the time fixed by the order of court, which seems to have been done in this case.

Defendant contends that as the deed from plaintiff and her husband Lemuel M. Wells to the "Coles tract" of land is a warranty containing the usual covenants, she is estopped from claiming dower in the land as against the defendant the grantee thereon, notwithstanding it was before the institution of this suit, declared void as against creditors, by a court of competent jurisdiction. As to parties to the fraud it may be that the position taken by defendant is correct, but it is otherwise as to parties who are not. In the case at bar it is not claimed that plaintiff was a party to the fraudulent transaction with respect to the land between her husband and defendant, except in so far as she become such by signing the deed, which is not sufficient. Nor did she receive any consideration for signing the deed.

In Bohannon v. Combs, 97 Mo. loc. cit. 448, SHERWOOD, J., said: "Although there are authorities to the contrary, the better opinion is that when a conveyance of the husband in which the wife joins is set aside as being fraudulent as to creditors, this will result in reviving the wife's right of dower; for that the deed of the husband being void, there is no estate left in the grantee upon which the relinquishment of dower can operate; hence, the wife is restored to her former rights." Citing Robinson v. Bates, 3 Met. 40; Malloney v. Horon, 49 N. Y. 111; Dugan v. Massey, 6 Bush. 81; Blanton v. Taylor, Gilmer, 209; Bedford v. Crane, 16 N. J. Eq. 265; Wyman v. Fox, 59 Me. 100; Stinson v. Sumner, 9

Mass. 143; Humes v. Scruggs, 64 Ala. 40; Richardson v. Wyman, 62 Me. 280; Hinchcliff v. Shea, 103 N. Y. 153; Summers v. Babb, 13 Ill. 483; Woodworth v. Paige, 5 Ohio St. 70; 1 Wash. Real. Prop. (5 Ed.), 261.   George v. Williams, 26 Mo. 190; Stevenson v. Edwards, 98 Mo. 622, and Thompson v. Cohen, 127 Mo. 215, are distinguishable from the case in hand is this: in those cases the parties to the deeds held to be fraudulent and void as to creditors but good between the parties thereto, participated in and were parties to the fraud, while in this case Mrs. Wells was not a party to the fraud.   The Bohannon case has never been overruled, is supported by the better reason, as well as by the weight of authority.

Defendant also claims that plaintiff is estopped from claiming dower in the two hundred acre tract because of the recitals in the trustee's deed from Monroe the acting trustee, to the defendant Estes.   The deed of trust under which the land was sold provides that, upon default being made in the payment of the money secured by this deed of trust when it becomes due, at the request of the legal holder of the note given for said money, the trustee named in said deed or in case of his refusal to act, then the sheriff of the county, may upon notice sell the land to pay the debt and interest, and execute a deed to the purchaser therefor, and that any statement of facts by him or recitals in the deed by him to the purchaser in relation to the non-payment of the money secured by the deed of trust shall be received as *prima facie* evidence of the truth of such fact.   And so it is contended that as the deed from Monroe to Estes recites that, "whereas default was made in the payment of the promissory note secured by said deed, by reason whereof I, Gilbert Monroe, sheriff," etc., evidence was inadmissible for the purpose of attacking it collaterally, in other words, for the purpose of showing that the debt to secure whose payment the deed of trust was executed had been paid off at the time of the sale by the trustee under

the deed of trust at which sale defendant became the purchaser of the land. The recital in the trustee's deed to Estes to the effect that default had been made in the payment of the note secured by the deed of trust when it becomes due, was only *prima facie* evidence of that fact (sec. 7103, Revised Statutes 1889; White v. Stephens, 77 Mo. 452; Morrison v. Herrington, 120 Mo. 665; Hume v. Hopkins, 140 Mo. 65), and parol evidence was clearly admissible under the pleadings in this case, for the purpose of overcoming that presumption (Durette v. Briggs, 47 Mo. 356).

Hume v. Hopkins, *supra*, was an action of ejectment, the plaintiff's title being derived through a deed of trust. The defenses were a general denial, that the debt secured by the deed of trust was a gambling debt, and the deed of trust void, and that the debt had been paid off before the sale thereunder by the trustee. And while it was not expressly so ruled it was clearly intimated that verbal testimony was admissible for the purpose of showing that the debt was paid off before the sale by the trustee under which plaintiff claimed title.

It has been held by this court that a purchaser at a judicial sale takes no title to the land purchased, although he may buy in good faith and without notice, if the judgment was paid off prior to the sale under the execution issued thereon. That the debt being extinguished the power to sell dies with it. [McClure v. Logan, 59 Mo. 234; Durette v. Briggs, *supra*; Huff v. Morton, 83 Mo. 399; Huber v. Pickler, 94 Mo. 382.] And the same rule applies to different sales under different deeds of trust given to secure the same debt, where the purchaser has notice that the debt has been paid off, for in that case the trustee's power is at an end, and his power to sell ceases and the purchaser will acquire no title. [Baker v. Halligan, 75 Mo. 435; Hume v. Hopkins, *supra*.]

In this case the evidence clearly shows that the debt was paid off by the proceeds arising from the sale under the first

deed of trust, and the trial court so found. And it is equally as clear that defendant had notice of that fact at the time of his purchase under the second deed of trust. In fact he was bound to know these facts, as he owned the debt and both deeds of trust, and directed the sale of the properties under them, and can not ignore that which common experience teaches us that any ordinary business man would have known under similar circumstances. Moreover, it was publicly announced at the sale by Monroe that the debt for which the property was about to be sold, had been paid off. So that he was in no sense an innocent purchaser, and acquired no title to the property sold.

Finding no error in the record we affirm the judgment. *Gantt, P. J.*, and *Sherwood, J.*, concur.